In the Matter of the Application of JOHN H. SHUTTLEWORTH, Petitioner, Respondent, for an Order Awarding to Him the Custody of BETTY SHUTTLEWORTH, an Infant Child of Petitioner, against LUTIE C. SHUTTLEWORTH, Appellant.

First Department, December 2, 1938.

*Milton H. Friedman*, for the appellant.

*Henry Lichtig* of counsel [*Franklyn Ellenbogen* with him on the brief, attorney], for the respondent.

PER CURIAM. We find numerous errors in the receipt of evidence which, in view of the sharply-contested issues herein, require a reversal.

The referee improperly considered the affidavits attached to the petition. This was accentuated by the fact that the defendant had no opportunity to answer these affidavits. The referee improperly received the testimony of the respondent concerning alleged statements made to him by his children with respect to appellant's alleged misconduct. Having received this testimony, the referee further erred in restricting cross-examination of respondent with relation to the circumstances which brought about the divorce. He should have allowed the widest latitude in inquiring into the question as to whether the estrangement of the parents was based on any misconduct of the appellant, or due to respondent's desire to marry another woman. In the cross-examination of the witnesses Hugh and Sabina Hogan, appellant should have been granted full opportunity to interrogate as to whether these witnesses had engaged the premises adjoining the appellant's premises at the husband's instigation, and for the purpose of spying on appellant.

No inquiry was made concerning the qualification of respondent's second wife before custody of the child was awarded. Without any intention of indicating our views with respect to the question of custody, we wish to make clear that before any order should be entered which would place the child even under the partial supervision of respondent's present wife, a sufficient inquiry should be made into that lady's qualifications.

It is unnecessary to refer to other errors, as they are unlikely to occur on a second trial.

The order awarding custody of the infant to the petitioner should be reversed and a new hearing directed. The appeal from the order of reference, entered on or about May 19, 1938, should be dismissed.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and CALLAHAN, JJ.

Order awarding custody of the infant to the petitioner unanimously reversed and a new hearing directed. Appeal from the order of reference, entered on or about May 19, 1938, dismissed. Settle order on notice.