■ STEVEN MELTZER, Respondent, v. JUDITH MELTZER, Appellant.— Orders, Supreme Court, New York County, entered July 27 and August 18, 1971, affirmed, without costs and without disbursements. Although a prompt hearing is ordinarily required for the purpose of resolving issues of fact arising in a custody application, in this divorce action, Special Term, in the exercise of sound discretion, properly awarded temporary custody of the child to the plaintiff husband. The averments charging the defendant wife with adultery and that she mistreated the child and intended to remove her to another jurisdiction, remain uncontroverted by any reply affidavits. Furthermore, the defendant is entitled to apply for a preference for the trial of this action (see Domestic Relations Law, § 249) and, as a matter of fact, could probably have secured a trial by this time. The determination of custody and visitation rights will require the resolution of many issues necessarily required to be determined on a trial of the action itself and the circumstances do not warrant a duplication of the work of the court. The defendant's remedy is an early trial. Concur — Capozzoli, J. P., McGivern, Markewich and Eager, JJ. Murphy, J., dissents in the following memorandum: I would modify the order and remand for a hearing on the issue of custody. Custody was awarded principally on affidavits of the husband which described the defendant as an unfit mother. Her request for additional time to reply to these affidavits served just prior to the argument was denied. An award of custody of a three-year-old child to the father with visitation for the mother of three hours a week may ultimately be determined as in the best interests of the child. Without a hearing, however, no justification exists for this summary disposition. Moreover, a custody hearing cannot be made to hinge on the fact that an early trial may be had. Appellant, the mother of a three-year-old, has an absolute right to a custody hearing in the circumstances here presented, independent of the trial and the hearing cannot be conditioned or made dependent on the assumed early trial. The paramount concern of the court should be the welfare of the child and not the marital status of the parents. It may be more convenient for the court to have the trial and hearing together. However, under such procedure any delay of the trial, perhaps even by a party now advantaged by postponement, would only jeopardize the innocent third party, the child. Under the circumstances a hearing is mandated. (*Aberbach* v. *Aberbach*, 35 A D 2d 935; *Matter of Shuttleworth* v. *Shuttleworth*, 255 App. Div. 440; *Treff* v. *Treff*, 7 A D 2d 842.)