■ In the Matter of KATHLEEN G. WALLINGER, Respondent, v BRIAN D. WALLINGER, Appellant. — Appeal from an order of the Family Court of Columbia County (Oberwager, J.), entered September 2, 1982, which awarded custody of the parties' infant child to petitioner. The parties were married on July 26, 1980. Their only child, Brittany, was born on December 29, 1980. Following her parents' separation on April 26, 1982, Brittany was taken by respondent father to live in his new home located in a suburb of Seattle, Washington. Petitioner mother instituted these proceedings to gain permanent custody of Brittany. After a hearing, Family Court, in a bench decision,

awarded custody to petitioner. This appeal ensued. The decision of the trial court appears to be based exclusively upon the fact that Brittany would be placed in a day care nursery each weekday while her father was at work. The court noted that Brittany's current day care arrangement would be altered because the woman supervising her was retiring; it found that respondent had not demonstrated that suitable arrangements had been made for the child's future care. In contrast, the court favored the day care arrangement proposed by petitioner whereby the child would be supervised by her maternal grandmother while petitioner attended college on a full-time basis during the next three years. While the prospective day care arrangements are a factor to be considered in determining the paramount issue of the child's best interest, the totality of the circumstances must be evaluated before the difficult decision concerning custody is made. Each parent's credibility, conduct, stability, lifestyle, morality and financial status should be examined along with any other relevant factors to arrive at a meaningful assessment of what is in the child's best interest (*McIntosh v McIntosh,* 87 AD2d 968; *Matter of Saunders v Saunders,* 60 AD2d 701). The brief oral decision rendered below addresses none of these factors. Nor can we say that, based upon such factors, the record conclusively points to a custody award in favor of either parent. Therefore, we remand for reconsideration of the evidence in the light of such factors and a decision containing appropriate findings. Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.