■ SUE D. MEIROWITZ, Appellant, v JOEL B. MEIROWITZ, Respondent. — In a matrimonial action, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), entered December 14, 1982, as (1) awarded the defendant husband custody of the infant issue of the marriage; (2) denied her application for maintenance and child support; and (3) denied her application for counsel fees. Judgment reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, custody of the infant issue of the marriage is granted to the wife on condition that she continue to reside with the child in New York State, and the matter is remitted to the Supreme Court, Nassau County, for·a hearing to (1) set liberal visitation rights for the husband, unless the parties can reach an agreement on visitation prior thereto, (2) set reasonable child support, and (3) determine whether the wife is entitled to maintenance and counsel fees. The hearing shall be conducted with all convenient speed, before a Justice other than the one who presided at the trial herein. The trial court erred in granting custody of the infant issue of the marriage to the husband. It is beyond cavil that the paramount concern in all custody matters is the best interests of the child (*Matter of Nehra v Uhlar,* 43 NY2d 242; *Friederwitzer v Friederwitzer,* 55 NY2d 89). It has also been held that in determining custody, the length of time the present custody has continued is to be considered and that " '[p]riority, not as an absolute but as a weighty factor, should, in the' * * * 'absence of countervailing circumstances on consideration of the totality of circumstances' " (see *Friederwitzer v Friederwitzer, supra,* pp 94-95), be given to the "first custody awarded in litigation or by voluntary agreement" (*Matter of Nehra v Uhlar, supra,* p 251). The priority which is accorded the first award of

custody, whether contained in a court order or by voluntary agreement, stems from the "conceptions that stability in a child's life is in the child's best interests and that the prior determination reflects a considered and experienced judgment concerning all of the factors involved" (*Friederwitzer v Friederwitzer, supra,* p 94). Although the parties in this case did not have a formal agreement concerning custody of the infant, the husband implicitly agreed that the wife should be the custodial parent, when he moved out of the marital residence in May, 1981 and left the child with the wife. The infant has been in the wife's custody since that time, and pursuant to a court order dated August 11, 1982, custody of the child pending trial was granted to her. Apart from the aforesaid facts, there was no proof, or even a claim in the instant record, that the wife was unfit or less fit than the husband to have custody of the child. Indeed, the expert testimony adduced during the trial was directly to the contrary. The social worker who interviewed the parties and the child at the husband's suggestion testified that (1) the wife was the more stable of the two parents, (2) the wife was the superior nurturing parent and the child's psychological parent, and (3) the child would be better off if the wife was the custodial parent. The psychiatrist retained by the husband who interviewed him and the child testified that the wife was the child's primary parent. In addition, the psychiatrist stated that he did not object to the social worker's recommendation that the wife should retain custody of the child. Under all the evidence adduced, it is clear that the child's best interests will be served by having the wife retain custody. The record further indicates that the husband is a loving father and that it would be beneficial to the child to have frequent contact with his father. The award of custody to the wife is therefore conditioned on her continued residency with the child in New York State (see *Weiss v Weiss,* 52 NY2d 170; *Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036; *Matter of Denberg v Denberg,* 34 Misc 2d 980). Accordingly, we remit for a hearing, after which the court should grant the husband liberal visitation privileges, unless the parties can reach an agreement prior thereto. Since custody is being granted to the wife, the Supreme Court should also award an appropriate amount of child support to her. Moreover, in view of the fact that the wife will have to remain in New York State and forego a more lucrative economic opportunity in Florida, the court should consider whether she is entitled to maintenance and counsel fees. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.