■ MORTON RICHMAN, Respondent, v DEBORAH RICHMAN, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated March 17, 1984, as awarded custody of the parties' two children to the plaintiff husband *pendente lite.*

Order reversed, insofar as appealed from, with costs, and case remitted to the Supreme Court, Suffolk County, for an immediate hearing and new determination.

Plaintiff commenced this action, *inter alia,* for a divorce, alleging cruel and inhuman treatment on the part of defendant. Specifically, plaintiff alleged that defendant had left him for another man on September 19, 1983. In her answer, defendant admitted cohabitation with the other man. She also counterclaimed for divorce. The record indicates that approximately two

weeks after defendant's departure from the marital residence, the two minor children of the parties moved in with defendant. There is no indication in the record that plaintiff objected at that time to the transfer of custody.

Defendant moved for various *pendente lite* relief including an award of temporary legal custody of the children. Plaintiff cross-moved in response for custody of the children. Special Term, without holding a hearing, awarded temporary custody to plaintiff. In its memorandum decision, the court failed to set forth its reasons for transferring custody.

Generally speaking, priority in a custody dispute should be given to the first parent who was awarded custody in litigation or by voluntary agreement (see *Matter of Nehra v Uhlar,* 43 NY2d 242). Of course, the court's primary concern should always be the best interests of the child (see *Matter of Lincoln v Lincoln,* 24 NY2d 270). A subsequent change in custody should, at the very least, follow a full hearing in which all relevant aspects of the matter are considered and weighed by the court (see *Obey v Degling,* 37 NY2d 768; *Matter of Mitchell v Mitchell,* 67 AD2d 924). Here, it appears that plaintiff initially agreed that the children should live with defendant and the children were living with the defendant. Special Term should not have thereafter transferred custody without a hearing. Accordingly, we reverse the order, insofar as appealed from, and remit the matter to the Supreme Court, Suffolk County, for an immediate hearing and new determination. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.