Eric Biagi, Respondent, v Laura Biagi, Appellant.

Each party to this appeal seeks custody of the young child of the marriage during the pendency of this action for a divorce and ancillary relief. The Supreme Court, Suffolk County, without a hearing, issued an order directing the parties to share custody of the child during the action's pendency. As a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations without having had the benefit of a full hearing in order to resolve those factual issues which develop from conflicting affidavits (see, Obey v Degling, 37 NY2d 768, 769-770; Bellinger v Bellinger, 109 AD2d 1104). In this case, the order under review does not constitute a final determination of the custody issue, but is merely an order made pendente lite. In some cases, a party claiming to be aggrieved by such an order, even if it was made without a hearing, will be required to seek an expeditious trial (see, Meltzer v Meltzer, 38 AD2d 522). Under the particular facts of this case, however, where the parties, in their affidavits, each accuse the other of being unfit to care for the now 20-month-old child, and where the matrimonial action has been commenced relatively recently, so that there is no realistic prospect for an expeditious trial, we find, as a matter of discretion, that a hearing should be held so as to allow the court to make a pendente lite custody determination based on a fuller record (see, e.g., Richman v Richman, 104 AD2d 934; cf. Crum v Crum, 122 AD2d 771). The hearing should, of course, focus on the issue of what custody arrangement would be in the best interest of the child. The hearing court should note that the current pendente lite custody arrangement may not be appropriate in view of the apparent animosity which exists between the parties (see, Braiman v Braiman, 44 NY2d 584; Robinson v Robinson, 111 AD2d 316, 318). The hearing should take place forthwith. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.