■ In the Matter of LEONARD E. LONG, Respondent, v MARTHA SCISM, Also known as MARTHA LONG, Appellant.—In a child custody proceeding pursuant to Family Court Act article 6, the mother, Martha Scism, appeals, by permission, from an order of the Family Court, Dutchess County (Bernhard, J.), entered March 22, 1988, which denied her motion to vacate so much of a temporary restraining order contained in a prior order to show cause of the same court, dated November 12, 1987, as awarded custody of the two minor children of the marriage to the petitioner pendente lite.

Ordered that the order is affirmed, with costs.

Pursuant to the separation agreement entered into by the parties on October 15, 1985, which was neither incorporated nor merged into the final divorce decree, the two children of the marriage were to reside with the petitioner except during certain specific visitation periods. After the petitioner delivered the children to the respondent on August 31, 1987, for a one-week vacation pursuant to this agreement, the respondent informed the petitioner on September 7, 1987, that she would not return the children to him and that she had decided to enroll them in a new school in the county of her current residence.

There is no allegation that the petitioner is an unfit parent or is less fit than he was at the time of the separation agreement (see, *Obey v Degling*, 37 NY2d 768, 770). Absent extraordinary circumstances, an agreement as to which parent should have custody is an important factor in determining the best interests of a child (see, *Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 91; *Mascoli v Mascoli*, 132 AD2d 653). As a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations, without having had the benefit of a full hearing in order to resolve those factual issues

which develop from conflicting affidavits (see, Biagi v Biagi, 124 AD2d 770, 771). However, the temporary restraining order at bar restored the status quo and was made in the absence of any controverted allegations, conflicting affidavits, extraordinary circumstances, or allegations of unfitness, and does not constitute a final determination of the custody issue, since it is merely an order pendente lite (see, Biagi v Biagi, supra). We therefore decline to disturb the determination. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.