■ Robert C. R., Respondent, v Victoria R., Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), entered May 17, 1988, as (1)

awarded the plaintiff husband temporary custody of the parties' child, and (2) limited the award of temporary maintenance to her to $250 per week. The appeal brings up for review so much of an order of the same court, entered July 6, 1988, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered May 17, 1988 is dismissed, as that order was superseded by the order entered July 6, 1988, made upon reargument; and it is further,

Ordered that the order entered July 6, 1988 is modified, by deleting the provision thereof which adhered to the original determination awarding the plaintiff husband temporary custody, and as so modified, the order entered July 6, 1988 is affirmed insofar as reviewed, and the case is remitted to the Supreme Court, Nassau County, for an immediate hearing on the issue of pendente lite custody after forensic examinations of the parties; and it is further,

Ordered that the order entered May 17, 1988 is modified accordingly; and it is further,

Ordered that pending the hearing and a new determination as to temporary custody, custody shall be with the defendant wife; and it is further,

Ordered that the defendant wife is awarded one bill of costs.

In October 1987 the husband commenced the instant divorce action and moved out of the marital residence, leaving the only child of the marriage with his wife. In February 1988 the wife moved for various forms of pendente lite relief including an award of temporary custody of the child and maintenance and child support in the amount of $500 per week. The husband initially requested the court to defer making a custody determination until a full hearing could be held and the matter was apparently set down for a hearing on May 13, 1988. On May 11, 1988, however, the husband removed the child from the wife's custody after learning that the child had attempted to cut himself while in school. Two days later, the husband submitted an affidavit to the court attributing the child's attempt to harm himself to the mother's alleged inability to care for his needs. The husband further alleged that the wife permitted the child to ride his bicycle after dark without supervision, that she drove with the child while under the influence of tranquilizers, and that she had been hospitalized for alcohol abuse. According to the husband, the wife's continued custody presented a "grave danger" to the child. These

allegations were disputed by the wife who maintains that the only drugs she takes are those prescribed by her physician and that she has not consumed any alcohol since undergoing treatment eight years ago. She alleged that the husband was unfit to have custody because he is in poor health and is not available to care for the child for the greater part of each day while he is at work, among other reasons. The Supreme Court, Nassau County, without holding a hearing, awarded the husband custody pendente lite.

The court should not have transferred custody of the infant child from the wife to the husband on the basis of the husband's recriminating and unsubstantiated allegations of the wife's unfitness. Although temporary custody may be properly fixed without a hearing where sufficient facts are shown by uncontroverted affidavits *(see, Meltzer v Meltzer,* 38 AD2d 522), this court has heretofore held that "[a]s a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations without having had the benefit of a full hearing in order to resolve those factual issues which develop from conflicting affidavits" *(Biagi v Biagi,* 124 AD2d 770, 771; *see also, Bellinger v Bellinger,* 109 AD2d 1104; *Richman v Richman,* 104 AD2d 934). Moreover, "priority in a custody dispute should be given to the first parent who was awarded custody * * * by voluntary agreement" and the court should not thereafter transfer custody without a hearing *(Richman v Richman,* 104 AD2d 934, 935, *supra,* citing *Matter of Nehra v Uhlar,* 43 NY2d 242). Here, the husband implicitly agreed that the wife should be the custodial parent when he moved out of the marital residence, allowing the child to remain with the wife for nearly seven months *(see, Meirowitz v Meirowitz,* 96 AD2d 1030, 1031).

In view of the fact that there is "no realistic prospect for an expeditious trial" of the instant divorce action, we find, as a matter of discretion, that a hearing should be held forthwith so that a proper determination can be made as to what custody arrangement will best serve the interests of the child *(Biagi v Biagi,* 124 AD2d 770, 771, *supra; cf., Meltzer v Meltzer,* 38 AD2d 522, *supra; Crum v Crum,* 122 AD2d 771).

We find unpersuasive the husband's contention that a hearing was not necessary because the court, upon the consent of both parties, conversed with the child's psychiatrist who recommended that the husband be given custody. In view of the child's apparent emotional instability, the husband's debilitating illness and difficult work schedule, and the serious nature of the unsubstantiated allegations of drug and alcohol abuse

on the part of the wife, the court had a duty to make "an enlightened, objective, and independent evaluation of the circumstances" after conducting a full and fair hearing *(Matter of Ehrlich v Ressner,* 55 AD2d 953, 954; *see also, Matter of Patricia L. v Steven L.,* 119 AD2d 221, 226). Upon remittitur, the court should have the parties and child submit to forensic examinations *(see, e.g., Kesseler v Kesseler,* 10 NY2d 445, *rearg denied* 11 NY2d 721; *Audubon v Audubon,* 138 AD2d 658).

We additionally note that the court should make specific findings of fact with respect to its custody determination *(see, Audubon v Audubon, supra; Mosesku v Mosesku,* 108 AD2d 795). Bracken, J. P., Rubin, Spatt and Balletta, JJ., concur.