■ COLLEEN ASKINAS, Respondent, v RICHARD ASKINAS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Hurley, J.), entered October 20, 1988, which, *inter alia,* granted the plaintiff wife pendente lite child support and denied his cross motion for pendente lite child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married in 1982 and have one child, a daughter, who was born in February of 1987. The parties separated in April 1988 when the plaintiff left the marital residence, taking the infant with her. This divorce action was commenced a month later. The defendant earns approximately $60,000 per year, $54,000 of which constitutes income from family trusts. The plaintiff earns approximately $39,000 per year as a teacher for the Kings Park School District. Both parties moved for temporary custody and child support. The Supreme Court, Suffolk County, referred the issue of custody to the trial court, maintained residential care of the infant with the plaintiff, and directed the defendant to pay $150 per week temporary child support.

Without question, the primary consideration in all custody disputes is the best interest of the child *(see, Keating v Keating,* 147 AD2d 675). Where the parties are in sharp disagreement as to the relative fitness or unfitness of the other spouse to be the custodial parent, we have often held that the court should first hold a hearing before determining custody *(see, e.g., Biagi v Biagi,* 124 AD2d 770). However, we have also recognized that "[i]n some cases, a party claiming to be aggrieved by a [pendente lite] order, even if it was made without a hearing, will be required to seek an expeditious trial" *(Biagi v Biagi, supra,* at 771).

In the instant case, the court did not make any award of custody; rather, it deferred the issue of custody to the trial

court and merely retained residential care with the plaintiff. There is no evidence in the record that the plaintiff is an unfit parent, nor did the defendant ever suggest that she was unfit. Indeed, the parties' motion papers degenerated into a contest of whose baby-sitter was best. The fact that the plaintiff must work to support herself and the child is simply one factor out of many that must be considered, and is not the overriding factor *(see, Matter of Wallinger v Wallinger,* 96 AD2d 988). Under the circumstances of this case, the court's order was not an improvident exercise of discretion, and the parties would be best served by proceeding towards a speedy trial *(see, Meltzer v Meltzer,* 38 AD2d 522; *see also, Matter of Long v Scism,* 143 AD2d 95).

We note that the court's order provides the defendant with regular, meaningful visitation with the child, and we decline to modify it. The record does not support the defendant's contention that the court unjustly restricted his right to visitation.

Finally, in balancing the needs of the child with the respective financial circumstances of the parties, it cannot be said that the award of pendente lite child support to the wife was improper. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.