█ In the Matter of EVELYN WANCEWICZ, Appellant, v JOSEPH CANABUSH, Respondent.—Harvey, J.

The parties, who are unmarried, have been engaged in a protracted custody battle over petitioner's infant son, born March 16, 1985. Although respondent was originally adjudged by an order of filiation to be the father of the child, that order was subsequently vacated following submission of blood tests excluding respondent from being the biological parent. However, the order previously granting the parties joint custody was not vacated and petitioner's attempts to gain sole custody of the child were not successful. Eventually Family Court issued an order awarding temporary continued joint custody to the parties pending a full hearing on the issue of modification of custody. Primary physical custody was granted to petitioner with weekend visitation granted to respondent. Petitioner appealed the order to this court and Family Court granted petitioner a temporary stay of the scheduled hearing.

Petitioner's appeal must be dismissed. Family Court Act § 1112 provides that an appeal as of right may not be taken from a nonfinal order and it does not appear that petitioner has sought leave to appeal (see, CPLR 5701 [c]; see also, Matter of Bonnie RR., 141 AD2d 931, 932). Although, in the proper case, this court has the discretion to treat the notice of appeal as a request for permission to appeal (see, Matter of Harley v Harley, 129 AD2d 843, 844), we decline to do so here. Considering the many disputed allegations and conflicting issues of fact, there is no reason to put aside the general rule that a custody order should not be made without first having a full hearing to resolve all conflicting issues of fact (see, Robert C. R. v Victoria R., 143 AD2d 262, 264; Biagi v Biagi, 124 AD2d 770, 771).

We note finally that, on the instant record, there is no support for petitioner's claim that the Judge in this case is

somehow incapable of reaching an objective decision in this case because of his decisions in other cases.

Appeal dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.