■ In the Matter of IRENE C. WARREN, Appellant, v PETE WARREN, JR., Respondent.—Weiss, J. Appeal from an order of the Family Court of Otsego County (Kepner, Jr., J.), entered May 19, 1989, which dismissed petitioner's application and granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

These parties have been engaged in an ongoing battle since 1982 for custody of Jon Peter Warren, born July 9, 1978. During this period the parties have been divorced, remarried to each other, divorced a second time, and now each married to a new spouse. The child has been in the custody of each party, temporarily placed with his uncle and the uncle's girlfriend as court-appointed guardians, and even placed in

foster care by Family Court. Petitioner commenced a proceeding in Family Court to regain custody of the child. Respondent also sought an order from the same court awarding him custody. Following a full evidentiary hearing, Family Court awarded custody to respondent, who resides in Arkansas, with provision for visitation by petitioner and her new husband. Petitioner has appealed from the order.

Petitioner's contention that there was insufficient proof upon which Family Court could make a determination is without merit. Family Court examined the factors outlined by this court in *Matter of Wallinger v Wallinger* (96 AD2d 988) and found stability, which was lacking in petitioner's household, to be of major importance *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94). In both a prior court determination and in professional reports, the necessary stability, security and consistency of household and relationships for the child's permanent placement were found lacking. Family Court was in the best position to evaluate the totality of the circumstances and where, as here, the court's determination is fully supported by the record, it is accorded the greatest respect *(see, Eschbach v Eschbach,* 56 NY2d 167).

Family Court determined that while both parties were individually fit as parents, the instability of petitioner's household was the critical factor. Petitioner married an individual who, if his testimony is believed, would not be conducive to stability for the child. In contrast, respondent demonstrated that he had established a stable traditional family setting which would provide the type of environment needed by the child. Moreover, a very lengthy and detailed report by the Otsego County Probation Department indicated that the best interest of the child would be better served with respondent being awarded custody.

Petitioner's remaining contention, that a 1986 order which awarded custody to her should be accorded great weight, is also without merit. The record firmly establishes that petitioner breached the order more than she observed it in that she placed the child with other persons on various occasions to suit her employment, commitments and personal life-style. Furthermore, all prior orders had been vacated by Family Court well before the commencement of this proceeding.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.