■ LESLEY WEBSTER, Respondent, v JULES WEBSTER, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on September 29, 1989, which, inter alia, denied defendant's motion for temporary custody, for a hearing on visitation rights, for a reduction in temporary child support and for interim attorney's fees, unanimously affirmed, without costs.

Ordinarily, the proper remedy for a pendente lite award that is alleged to be unfair is a prompt trial (Sayer v Sayer, 130 AD2d 407). Defendant has presented no reason to disturb the order complained of herein, pending the final resolution of the issues by the trial court.

A hearing is not required to resolve a custody issue unless there are controverted specific allegations of fact, conflicting affidavits, extraordinary circumstances or allegations of unfitness. *(Matter of Long v Scism,* 143 AD2d 95.) Plaintiff has been the custodial parent of the parties' now-two-year-old child since the parties separated in September 1987, and was granted child support by the court's order of April 18, 1988. On the motion herein, defendant, who was contesting custody for the first time, presented no specific factual allegations regarding plaintiff's care of the child. Furthermore, defendant, who claimed to be disabled, provided no information to the court demonstrating an ability to care for the child. Under these circumstances the court properly denied a hearing.

Nor did defendant's conclusory allegations that plaintiff had refused visitation warrant a hearing on temporary visitation rights. Defendant's allegations were countered by plaintiff's denial and references to specific incidents where defendant had scheduled visits and failed to appear or had arrived in a drunken condition and one incident where the child returned from a visit with a burn. Particularly in view of these specific allegations on plaintiff's part, defendant's failure to specify one incident in which plaintiff refused visitation justified the court's decision denying a hearing.

Defendant also argues that in refusing to reduce temporary child support payments, the court failed to accord with the guidelines of Domestic Relations Law § 240. However, without any other reason to reevaluate the temporary child support order, the court was not required to modify its prior order to comport with the guidelines. (Domestic Relations Law § 240 [1].) Nor did defendant's being on disability constitute a changed circumstance, since the court was clearly aware of this when it imposed the original amount. Thus, the court's refusal to reconsider the amount was within its discretion, and should not be disturbed.

Finally, the court's denial of defendant's application for additional interim legal fees was well within its discretion. Indeed, as the court below noted, the legal fees were generated by defendant's new counsel's relitigation of issues which had already been decided. *(See, Nemia v Nemia,* 124 AD2d 407, 408.)* Furthermore, plaintiff has offered satisfactory proof that the earlier award of $750 in interim legal fees was properly paid to defendant's prior attorney. Defendant has not only failed to show that plaintiff was notified that new counsel had been substituted at the time payment was made, but has

failed to show that this amount was not due and owing to the prior attorney. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.