(May 13, 1991)

■ JOSE R. ASTEINZA, Appellant, v CONSUELO P. ASTEINZA, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) an order of the Supreme Court, Richmond County (Kuffner, J.), dated January 4, 1990, which granted the defendant wife's motion for temporary custody of the infant issue of the marriage, and pendente lite child support in the total amount of $184 per week for the parties' two children, and (2) a memorandum decision of the same court, dated February 10, 1990, which amended a memorandum decision dated November 13, 1989, to the extent that it found that the pendente lite child support award should be

amended to the total amount of $217.12 per week for the parties' two children.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendant wife is awarded one bill of costs.

Although a prompt hearing is ordinarily required for the purpose of resolving issues of fact based on controverted allegations arising in a pendente lite custody application (see, Robert C. R. v Victoria R., 143 AD2d 262; Biagi v Biagi, 124 AD2d 770), upon the instant record, the Supreme Court properly exercised its discretion in awarding temporary custody of the two infant children of the parties to the wife without a hearing. The defendant wife noted in her motion papers that the Family Court, after a hearing and a clinical and psychological evaluation of the husband, had previously entered a permanent order of protection directing, inter alia, the husband to stay away from the wife, the marital residence and the children except for visitation. The Family Court also set up a visitation schedule. The wife further noted that the husband subsequently broke into the marital residence with the knowledge that he was violating the order of protection, and, as a result, he was placed on probation by the Family Court. The husband did not contest those assertions by the wife. Moreover, there were no factual allegations to indicate that the wife was an unfit parent. Since it does not appear that this is an overly complex case, the husband should be able to proceed to an early trial (see, Tweed v Tweed, 147 AD2d 556; Matter of Long v Scism, 143 AD2d 95; Meltzer v Meltzer, 38 AD2d 522).

Furthermore, we find that the Supreme Court did not improvidently exercise its discretion in determining pendente lite child support based upon the standards enunciated in Domestic Relations Law § 240 (see, Domestic Relations Law § 236 [B] [7]; Rizzo v Rizzo, 163 AD2d 15). Although the consideration of the factors set forth in the Child Support Standards Act is not mandatory on a pendente lite motion, it was within the court's discretion to use those standards based upon the record before it (see, Rizzo v Rizzo, supra). Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.