■ SHERRY R. HIZME, Respondent, v MICHAEL J. HIZME, Appellant. [622 NYS2d 737] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated September 26, 1993, as (1) awarded the wife custody of the parties' son, pendente lite, and (2) limited his visitation, pendente lite, to only four hours per week.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issues of custody and visitation, to be held forthwith; and it is further,

Ordered that custody of the infant child shall remain with the mother pending the hearing and the new determination as to temporary custody and visitation and the husband shall continue to have visitation as provided in the order appealed from pending the new determination.

Without a hearing, and upon the parties' conflicting allega-

tions, the court awarded the plaintiff wife custody pendente lite, and limited the defendant's visitation to only four hours per week. We have held that "[a]s a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations without having had the benefit of a full hearing" *(Biagi v Biagi,* 124 AD2d 770, 771; *see also, Colley v Colley,* 200 AD2d 839; *Alberts v Alberts,* 168 AD2d 1004; *Askinas v Askinas,* 155 AD2d 498; *Robert C. R. v Victoria R.,* 143 AD2d 262).

Here, where the order appealed from was made upon disputed affidavits, in which each party accused the other of parental unfitness, and where there is no realistic prospect that an expeditious trial will be conducted, a hearing is required so as to permit the court to make a pendente lite custody and visitation determination based on a fuller record *(see, Biagi v Biagi, supra; Richman v Richman,* 104 AD2d 934). Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.