■ KARI MILLER-GLASS, Respondent, v GIBSON GLASS, Appellant. [653 NYS2d 982] —White, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered December 27, 1995 in Ulster County, which, *inter alia*, ordered that plaintiff shall have custody of the parties' children, and (2) from an order of said court, entered July 2, 1996 in Ulster County, which ordered defendant to supply the court with a financial statement to be used to determine defendant's child support obligation.

The parties, the parents of three young children, were divorced in March 1994. The judgment of divorce makes no reference to the issues of custody, visitation or child support, other than to provide that Supreme Court retained jurisdiction of them. In November 1994 plaintiff obtained an order to show cause seeking to suspend defendant's visitation rights, contending that his addiction to alcohol was imperiling the children's

safety. In conjunction therewith, plaintiff obtained a temporary order suspending defendant's visitation rights. In response to defendant's motion, Supreme Court appointed a Law Guardian who reported that defendant should receive counseling for his addiction from the Ulster County Mental Health Department (hereinafter Department) and should be directed to file a statement of net worth so that the court could determine child support. The Department reported to Supreme Court that defendant did present "as abstinent" while in treatment but did not comply with the Department's request that he attend Alcoholics Anonymous meetings. Defendant also did not file a statement of net worth.

Following plaintiff's relocation with the children and her new husband to Michigan, defendant moved for custody and the vacatur of the temporary order suspending his visitation rights. Shortly thereafter, he filed a petition for a writ of habeas corpus. In a decision entered December 27, 1995, Supreme Court, without the benefit of an evidentiary hearing, determined, *inter alia*, that custody should remain with plaintiff in Michigan and that defendant should have supervised visitation in accordance with a schedule established by the parties or, failing that, by the court. After the denial of his motion to reargue, defendant moved for an order establishing a visitation schedule. By order entered July 2, 1996, Supreme Court deferred its decision on defendant's motion pending receipt of his net worth statement, stating that, along with the question of defendant's visitation rights, it intended to address the issue of child support. Defendant appeals from both orders.

We reverse the order entered December 27, 1995. Unless there is sufficient evidence before the court to enable it to undertake a comprehensive independent review of the children's best interests (*see, Matter of Goldman v Goldman*, 201 AD2d 860, 861-862), a determination of a custody matter should only be made after a full evidentiary hearing (*see, Obey v Degling*, 37 NY2d 768, 769-770). This is particularly so where, as here, the record before the court consists principally of the parties' affidavits that are mutually recriminating with respect to each other's parental abilities (*see, Hizme v Hizme*, 212 AD2d 580, 581; *Van Etten v Van Etten*, 207 AD2d 992). Accordingly, we shall remit this matter for a hearing to determine the best interests of the children with regard to custody and visitation.

On remittal, plaintiff may seek child support provided she timely files a statement of net worth (22 NYCRR 202.16 [k] [2]). We note that defendant's failure to file a net worth statement does not preclude Supreme Court from establishing child sup-

port, as such failure is deemed an admission of the facts contained in plaintiff's statement (22 NYCRR 202.16 [k] [4]).

Cardona, P. J., Mercure and Yesawich Jr., JJ., concur. Ordered that the order entered December 27, 1995 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from order entered July 2, 1996 is dismissed, as academic, without costs.