■ CYNTHIA APPOLD, Respondent, v JOSEPH C. SAVAGLIO, Appellant. [670 NYS2d 776] —In an action for a divorce and ancilary relief, the defendant husband appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 10, 1997, which, *inter alia*, granted in part the plaintiff wife's application for pendente lite relief and denied his amended cross motion for pendente lite relief, (2) so much of an order of the same court, also dated September 10, 1997, as granted the wife's application for counsel fees, and (3) so much of an order of the same court, also dated September 10, 1997, as directed him to pay for forensic evaluations.

Ordered that the orders are affirmed insofar as appealed from, with costs.

A modification of a pendente lite maintenance award should rarely be made by an appellate court and then only under exigent circumstances such as where a party is unable to meet his or her financial obligations or when justice otherwise requires it (*see, Shipman v Shipman*, 237 AD2d 426; *Gitter v Gitter*, 208 AD2d 895). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse (*see, Kesten v Kesten*, 234 AD2d 427), and the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Beige v Beige*, 220 AD2d 636). The pendente lite award made by the Supreme Court is proper under the circumstances of this case and should not be disturbed on appeal.

"The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate" (*Linda R. v Richard E.*, 176 AD2d 312, 313-314). Under the circumstances of this case, the court did not improvidently exercise its discretion in requiring the defendant husband to pay certain counsel fees incurred by the plaintiff wife.

The court did not improvidently exercise its discretion in requiring the husband to pay the costs of forensic evaluations. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.