◼ ANDREW ECKSTEIN, Appellant, v BARBARA ECKSTEIN, Respondent. [674 NYS2d 745] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of (1) an order of the Supreme Court, Nassau County (Burke, J.), dated July 1, 1997, which, *inter alia,* granted the defendant wife's motion for pendente lite child support and interim attorneys' fees, and directed him to pay all mortgage arrears and 60% of "all usual and necessary household bills", and (2) an order of the same court, dated September 8, 1997, which, *inter alia,* granted in part the wife's application for an income deduction order, and denied his cross motion to reargue the motion for pendente lite support.

Ordered that the order dated July 1, 1997, is affirmed insofar as appealed from, without costs or disbursements, and it is further,

Ordered that the appeal from that portion of the order dated September 8, 1997, which denied the cross motion for reargument is dismissed, as no appeal lies from an order denying reargument, and it is further,

Ordered that the order dated September 8, 1997, is affirmed insofar as reviewed, without costs or disbursements.

To the extent that the issues raised on appeal have not been rendered academic by subsequent proceedings, we decline to disturb the pendente lite award in this case. The proper remedy for perceived inequities in a temporary award is to proceed to a speedy trial, where the financial circumstances of the parties can be fully explored (see, Appold v Savaglio, 249 AD2d 347; Horowitz v Horowitz, 237 AD2d 490; Beige v Beige, 220 AD2d 636).

Under the circumstances of this case, including the husband's admitted income of $135,000, the temporary child support award of $450 per week for both of the parties' children was not improper. We note that while a court may properly rely upon the Child Support Standards Act (see, Domestic Relations Law § 240 [1-b]) for guidance in fixing pendente lite child support, it is not required to apply those guidelines (see, Nordgren v Nordgren, 237 AD2d 498; Stanton v Stanton, 211 AD2d 781). Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.