■ In the Matter of Susan Okerblom, Respondent, v Donald V. Okerblom, Appellant. [696 NYS2d 513] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (McElligott, J.), entered September 23, 1998, which awarded temporary custody of the parties' children to the mother.

Ordered that the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (*see,* Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court did not improvidently exercise its discretion in awarding the mother temporary custody of the children. Although this court has held that a hearing on the issue of temporary custody should be conducted "[w]here the parties are in sharp disagreement as

to the relative fitness or unfitness of the other spouse to be the custodial parent" (*Askinas v Askinas,* 155 AD2d 498), we have also recognized that in some cases such a hearing is not required (*see, Hoenig v Hoenig,* 245 AD2d 262; *Kehoe v Kehoe,* 234 AD2d 272; *Asteinza v Asteinza,* 173 AD2d 515; *Askinas v Askinas, supra*).

Here, the father was hospitalized at the time the mother filed her petition seeking custody of the parties' two teenaged children. Moreover, shortly before a custody hearing was scheduled to commence in September 1998, the father's attorney requested a lengthy and indefinite adjournment, advising the court that due to the father's illness, he would "probably" be unable to participate in a custody hearing until the beginning of the following year. Considering these circumstances, the Family Court did not improvidently exercise its discretion in awarding the mother temporary custody, and marking the case "off calendar" until either party notified the court, by letter, of a definite date when they would be ready to proceed. S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.