■ In the Matter of RICHARD PORTER, Respondent, v DAWN BURGEY, Appellant. [698 NYS2d 903] —In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals (1) from a decision of the Family Court, Putnam County (Sweeny, J.), dated October 14, 1997, (2), as limited by her brief, from so much of an order of the same court, entered November 5, 1997, as denied that branch of her motion which was, in effect, to reargue the decision dated October 14, 1997, and (3) from an order of disposition of the same court, entered December 11, 1997, which, *inter alia*, awarded sole custody of the parties' three children to the father and directed that her visitation would be supervised.

Ordered that the appeals from the decision dated October 14, 1997, and the order entered November 5, 1997, are dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a custody and visitation proceeding pursuant to Family Court Act article 6 (*see,* Family Ct Act § 1112), and leave has not been granted, and for the further reason that no appeal lies from a decision (*see,*

*Dorizas v Island Insulation Corp.,* 254 AD2d 246; *Gill v United Parcel Serv.,* 249 AD2d 265; CPLR 2219 [a]; 5512 [a]), or from an order which denies reargument of a decision (*see, DeFalco v JRS Confectionary,* 118 AD2d 752, 753); and it is further,

Ordered that the order entered December 11, 1997, is affirmed, without costs or disbursements.

Contrary to the mother's contentions, the Family Court possessed adequate relevant information to enable it to make an informed and provident custody determination (*see, Matter of Hermann v Chakurmanian,* 243 AD2d 1003; *Asteinza v Asteinza,* 173 AD2d 515; *Webster v Webster,* 163 AD2d 178; *Meltzer v Meltzer,* 38 AD2d 522; *cf., Metzger v Metzger,* 240 AD2d 642). The uncontroverted evidence before the court was sufficient to enable it, even without a hearing, to reach a sound conclusion that, under the circumstances of this case, it was not in the children's best interest for custody to be awarded to the mother (*see, Matter of Vangas v Ladas,* 259 AD2d 755; *Matter of Davies v Davies,* 223 AD2d 884; *Matter of Goldman v Goldman,* 201 AD2d 860, 861-862; *David W. v Julia W.,* 158 AD2d 1, 6; *Matter of Ehrlich v Ressner,* 55 AD2d 953).

We further find that the existence of exceptional circumstances justifies the court's restriction on the mother's right to visitation with the children (*see, Daghir v Daghir,* 82 AD2d 191, 193-194, *affd* 56 NY2d 938; *Strahl v Strahl,* 66 AD2d 571, 574, *affd* 49 NY2d 1036; *see also, Matter of Thaxton v Morro,* 222 AD2d 955, 956). S. Miller, J. P., Ritter, Florio and H. Miller, JJ., concur.