■ MILETTE SHANON, Respondent, v JEROME D. PATTERSON, Appellant. [742 NYS2d 653] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Dorsa, J.), dated December 15, 2000, which, inter alia, awarded the plaintiff wife custody of the minor children and pendente lite child care expenses of $1,700 per month. The appeal brings up for review so much of an order of the same court, dated May 3, 2001, as, upon renewal, among other things, in part adhered to the determination in the order dated December 15, 2000.

Ordered that the appeal from the order dated December 15, 2000, is dismissed, as that order was superseded by the order dated May 3, 2001, made upon renewal; and it is further,

Ordered that the order dated May 3, 2001, is modified by deleting the provision thereof adhering to so much of the order dated December 15, 2000, as awarded the plaintiff wife child care expenses of $1,700 per month and substituting therefor a provision awarding her child care expenses of $964.60 per month; as so modified, the order dated May 3, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff wife is awarded one bill of costs.

The purpose of a pendente lite award is to provide a needy spouse with funds for his or her support and reasonable needs and those of the children in his or her custody (*see Celauro v Celauro,* 257 AD2d 588, 589; *Pascale v Pascale,* 226 AD2d 439, 440; *Gold v Gold,* 212 AD2d 503). While an award may be modified where a party is unable to meet his or her financial obligations (*see Hoenig v Hoenig,* 245 AD2d 262, 263; *Gold v Gold, supra*), the court properly considered the parties' respective incomes in awarding child support (*see Eckstein v Eckstein,* 251 AD2d 537; *Nordgren v Nordgren,* 237 AD2d 498).

Although voluntary payments are preferred while a proceeding is pending, a pendente lite award of child support is appropriate where, as here, the voluntary payments are not sufficient to meet the reasonable needs and standard of living of the nonpaying party (*see Krantz v Krantz,* 175 AD2d 863; *cf. Hite v Hite,* 89 AD2d 577).

The award of child care expenses of $1,700 per month to the plaintiff wife should be reduced to $964.60, representing 70% of $1,378, the monthly fee for the children's day care center. The record indicates that the child care expenses in excess of those for day care are required in conjunction with her full-time employment. In light of the fact that the plaintiff is not currently employed, albeit she is seeking employment, the defendant husband should only be required to contribute to the cost of child care expenses related to the search for employment (see Domestic Relations Law § 240 [1-b] [c] [6]; McBride v McBride, 238 AD2d 320, 321).

In view of the disparate earnings of the parties, the court properly ordered the defendant to pay the plaintiff's interim counsel fees (see Domestic Relations Law § 237 [a]; O'Shea v O'Shea, 93 NY2d 187; Celauro v Celauro, supra).

Under the circumstances of this case, there was no need for a hearing to determine pendente lite custody (see Okerblom v Okerblom, 265 AD2d 414, 415; Hoenig v Hoenig, supra; Kehoe v Kehoe, 234 AD2d 272; Askinas v Askinas, 155 AD2d 498). In addition, the record reflects the fact that the defendant left the marital residence and has established his own residence, and that the parties have an acrimonious relationship. In light of these factors, the court properly awarded the plaintiff wife exclusive possession of the marital residence pendente lite (see Endelson v Endelson, 168 AD2d 540; Preston v Preston, 147 AD2d 464, 465; Kristiansen v Kristiansen, 144 AD2d 441, 442).

The defendant's remaining contentions are without merit. Ritter, J.P., Altman, McGinity and Adams, JJ., concur.