■ In the Matter of OTIS MURRAY, Respondent, v CHERYL HALL, Appellant. [742 NYS2d 368] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Kings County (Elkins, J.), dated January 5, 1999, as denied her petition to modify a prior order of the same court (Burstein, J.), dated March 3, 1993, awarding custody of the subject child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that custody determinations are ordinarily a matter of discretion for the hearing court (*see Gage v Gage,* 167 AD2d 332). With respect to any determination as to a change of custody, the paramount consideration must be the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Among the factors to be considered are the quality of the home environment and the parental guidance the custodial parent provides for the child (*see Eschbach v Eschbach, supra* at 172; *Matter of Ebert v Ebert,* 38 NY2d 700, 702), the ability of each parent to provide for the child's emotional and intellectual development

(*see Porges v Porges,* 63 AD2d 712, 713), the financial status and ability of each parent to provide for the child (*see Eschbach v Eschbach, supra*), the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect (*see Matter of Nehra v Uhlar,* 43 NY2d 242). Priority in custody disputes usually should be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement (*see Robert C.R. v Victoria R.,* 143 AD2d 262, 264; *Richman v Richman,* 104 AD2d 934, 935; *see also Friederwitzer v Friederwitzer, supra* at 94). Furthermore, the courts will not disrupt sibling relationships unless there is an overwhelming need to do so (*see Eschbach v Eschbach, supra* at 173; *Matter of Ebert v Ebert, supra* at 704).

A review of the Family Court's decision indicates that it gave careful consideration to the above factors. The award of custody of the subject child to the father has a sound basis in the record. The subject child has resided with his father since shortly after his birth. Moreover, this custody arrangement is in accordance with the court appointed expert's opinion. Contrary to the mother's contention, the parties' two children have never resided together and, under the circumstances of this case, there is no reason to disrupt the stability and continuity of the present situation (*see Klat v Klat,* 176 AD2d 922; *Schussler v Schussler,* 109 AD2d 875).

The mother's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.