■ In the Matter of VINCENT MALFETANO, Respondent, v SANDRA PARKER, Appellant. (Proceeding No. 1.) In the Matter of VINCENT MALFETANO, Respondent, v SANDRA PARKER, Appellant. (Proceeding No. 2.) [776 NYS2d 515]—In a family offense proceeding pursuant to Family Court Act article 8, and a related custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Westchester County (Klein, J.), dated June 24, 2002, which, after a fact-finding hearing at which it was found that she committed a family offense within the meaning of Family Court Act § 812, granted that branch of the petition which was for an order of protection against her and in favor of two of her children for a period of one year, and (2) an order of the same court dated August 6, 2002, which awarded custody of the same two children to the father and awarded her only supervised visitation.

Ordered that the orders are affirmed, without costs or disbursements.

Although the order of protection in favor of two of the appellant mother's children has expired, "in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense . . . this appeal is not academic" (*Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]; *see Matter of Bickwid v Deutsch,* 87 NY2d 862 [1995]; *Matter of Grossman v Grossman,* 238 AD2d 339 [1997]).

Contrary to the mother's contention, the record supports the Family Court's determination that, based on a preponderance of the credible evidence, she committed a family offense, warranting the issuance of the order of protection (*see* Family Ct Act §§ 812, 832; *Matter of Dabbene v Dabbene,* 297 AD2d 812 [2002]; *Matter of Hogan v Hogan,* 271 AD2d 533 [2000]).

Also, the Family Court possessed adequate relevant information to enable it to make an informed and provident custody determination (*see Matter of Porter v Burgey,* 266 AD2d 552 [1999]; *Webster v Webster,* 163 AD2d 178 [1990]; *cf. Metzger v Metzger,* 240 AD2d 642 [1997]). The evidence before the court was sufficient to enable it, even without a hearing, to reach a sound conclusion that, under the circumstances of this case, it was in

the subject children's best interest for custody to be awarded to the father (*see Matter of Vangas v Ladas,* 259 AD2d 755 [1999]; *Matter of Goldman v Goldman,* 201 AD2d 860 [1994]; *David W. v Julia W.,* 158 AD2d 1 [1990]).

The mother's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.