■ In the Matter of MADELINE RAMOS, Appellant, v JAMES ANDINO, Respondent. [796 NYS2d 407]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Horowitz, J.), entered August 3, 2004, which, without a hearing, denied her petition to modify a prior custody determination in an order of the same court dated June 9, 2000, awarding the parties joint legal custody of their son, so as to award her sole custody of their son, and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for a new determination following a hearing on the petition.

The mother commenced this proceeding to modify the parties' custodial arrangement based upon a change of circumstances on the ground that the parties' son, now 13 years old, was punched and bruised while visiting his father, resulting in allegations of child abuse against the father. As a result of those allegations, visitation with the father was suspended and a temporary order of protection was issued.

On July 2, 2004, the parties appeared in the Family Court and the mother consented to supervised visitation with the father at the YWCA, which was, in fact, implemented. The Family Court, without a hearing, dismissed the petition for a change of custody for failure to state a cause of action on the ground that "there is not enough in that petition that states a change of circumstances." The Family Court further noted that the incident showed an estrangement between the child and the father which "should not affect" the ability of the father and mother "to continue to parent together." The Family Court suggested that the mother could renew her petition later, after the court received a report as to how the father and son were adjusting to supervised visitation.

The determination of the Family Court that allegations of child abuse did not warrant a hearing with respect to joint custody since such abuse, if it in fact occurred "should not affect" the ability of the parents to "continue to parent together" was improper. Although the ability of the parents to communicate with each other is a valid consideration in granting joint custody, the ultimate issue in a custody dispute is the best interests of the child.

The mother demonstrated an issue of fact warranting a hearing. If the allegations in the petition are established, there may be a sufficient basis for changing the parties' custodial arrangement from joint custody to sole custody to the mother (see *Matter of Linda P. v Thomas P.,* 240 AD2d 583 [1997]).

The mother's contention with respect to visitation is not properly before this Court. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.