■ In the Matter of JOHN HORAN, Respondent, v VERONICA FRAMOLARO, Appellant. [848 NYS2d 356]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Seiden, Ct Atty Ref), dated June 5, 2006, which awarded sole custody of the parties' child to the father.

Ordered that the order is affirmed, without costs or disbursements.

The parties' child, who was approximately 27 months old at the time of the custody determination, has resided with the father since she was a year old. An Administration for Children's Services investigation report revealed that during the child's first year, while she was residing with the mother, there were separate "indicated" reports against the mother of inadequate guardianship and drug/alcohol misuse. The 24-year-old mother entered drug treatment halfway through the approximately 16-month pendency of the father's custody proceeding, after she

twice tested positive for cocaine and had remained clean for several months at the time of the determination. However, she had a history of marijuana abuse and dependency since the age of 10 or 11, alcohol use and dependency since the age of 12, and a three-year history of crack cocaine dependency immediately prior to entering treatment.

Contrary to the mother's contentions, the Family Court possessed adequate relevant information to enable it to make an informed and provident custody determination without conducting a hearing (*see Matter of Malfetano v Parker*, 7 AD3d 715 [2004]; *Matter of Porter v Burgey*, 266 AD2d 552 [1999]; *see also Matter of Smith v Molody-Smith*, 307 AD2d 364 [2003]). The record before the Family Court, given the exceptional circumstances of this case, presented a sound and substantial basis for the court's determination that it was in the child's best interest for custody to be awarded to the father (*cf. Matter of Bouie v Arvelo-Smith*, 12 AD3d 668 [2004]; *see Matter of Malfetano v Parker*, 7 AD3d 715 [2004]; *Matter of Porter v Burgey*, 266 AD2d 552 [1999]).

The mother's remaining contentions are either not properly before this Court or without merit. Prudenti, P.J., Skelos, Fisher and Angiolillo, JJ., concur.