*410 In a matrimonial action in which the parties were divorced by judgment dated October 26, 1999, the mother appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered February 29, 2008, which, without a hearing, granted the father’s motion to modify the judgment by awarding him sole custody of the parties’ daughter.
Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for an immediate hearing on the issue of the custody of the parties’ daughter and thereafter a new determination on the father’s motion.
In 1999 the parties were divorced pursuant to a judgment which incorporated, but did not merge, a separation agreement providing, inter alia, for joint custody of the parties’ daughter, with the mother having physical custody and the father entitled to visitation. In February 2005 the father moved, by order to show cause, to modify the judgment so as to award him sole custody of the parties’ daughter, who was by then 13 years old. The mother opposed the motion. The Supreme Court granted the motion, without conducting a hearing, and the mother appeals. We reverse.
“In determining whether a custody agreement that was incorporated in a judgment of divorce should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interest of the child” (Matter of Honeywell v Honeywell, 39 AD3d 857, 858 [2007]; see Eschbach v Eschbaeh, 56 NY2d 167, 171 [1982]; St. Clement v Casale, 29 AD3d 367, 368 [2006]; Cuccurullo v Cuccurullo, 21 AD3d 983, 984 [2005]). While custody may properly be fixed without a hearing where sufficient facts are shown by uncontroverted affidavits, it is error as a matter of law to make an order respecting custody, “based on controverted allegations without having had the benefit of a full hearing” (Carlin v Carlin, 52 AD3d 559, 560 [2008]; see Coon v Coon, 29 AD3d 1106, 1109 [2006]; Matter of Martin R.G. v Ofelia G.O., 24 AD3d 305 [2005]; Matter of Ramos v Andino, 19 AD3d 424, 425 [2005]; Hizme v Hizme, 212 AD2d 580, 581 [1995]; Robert C.R. v Victoria R., 143 AD2d 262, 264 [1988]; Biagi v Biagi, 124 AD2d 770, 771 [1986]). A child’s preference may be indicative of what is in the child’s best interest, although it is not determinative (see Dintruff v McGreevy, 34 NY2d 887, 888 [1974]).
Here, where there are controverted allegations, the Supreme *411 Court should not have decided the plaintiff’s motion for a change of custody of the parties’ daughter in the absence of the attorney for the child and without holding any hearing, at which, at a minimum, the best interest of the 17-year-old teenager and her preferences could have been explored. A hearing should be held immediately so that a proper determination can be made as to what custody arrangement will serve the best interest of the child. Skelos, J.P., Angiolillo, Balkin and Chambers, JJ., concur.