■ TIMOTHY QUILL, Respondent, v ELYSE QUILL, Appellant. — In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated July 20, 1983, which, on the plaintiff husband's motion for an order awarding him custody of the infant issue of the marriage, *inter alia,* ruled that the New York courts had jurisdiction to make a custody determination, and stayed the wife from proceeding upon a custody application in the State of Florida. Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. The parties were married in Florida on October 11, 1975. Shortly after they were married, they established residence in the State of New York. On June 14, 1978, the infant issue of the marriage was born in New York. On January 27, 1983, the defendant wife took the child to Florida, and the next day she filed a petition in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, seeking custody of the child and a temporary protective order against the husband. On January 28, 1983, the Florida court, apparently finding that an emergency situation existed which required that the wife be granted temporary relief without notice to the husband, awarded her temporary custody of the child and issued a protective order. On February 17, 1983, the husband was served, at his home in New York, with a summons and the petition in the Florida proceeding. On the same date, the husband commenced the within action for a separation by service upon the wife of a summons, complaint and order to show cause, seeking, *inter alia,* custody of the child. In her opposing papers, the wife argued that the Florida proceeding was commenced prior to the New York one, and that, therefore, under section 75-g of the Domestic Relations Law, Special Term was required to stay its proceeding and to communicate with the Florida court, to the end that the issue might be litigated at the more appropriate forum. The wife consented to a stay of the Florida custody proceeding pending determination on the husband's order to show cause, and an order to this effect was issued by Justice Wager. On July 20, 1983, Special Term (Becker, J.) held that the Florida court lacked jurisdiction to award custody to the wife ex parte, and that New York had jurisdiction to decide the custody issue, and directed a hearing on the matter. Special Term also extended the stay contained in Justice Wager's order. Notwithstanding the fact that New York has jurisdiction, a court shall not exercise its jurisdiction under article 5-A of the Domestic Relations Law, which is known as the Uniform Child Custody Jurisdiction Act (UCCJA), "if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state' exercising jurisdiction substantially in conformity with this article" (Domestic Relations Law, § 75-g, subd 1; *Vanneck v Vanneck,* 49 NY2d 602, 609). When a court of this State is informed of the pendency of another proceeding, the court "shall stay [its own] proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections seventy-five-s through seventy-five-v of this article" (Domestic Relations Law, § 75-g, subd 3). Special Term erred in determining that the Florida court lacked jurisdiction without communicating with the Florida court. The State of Florida had at least a colorable claim that it had jurisdiction under section 75-d (subd 1, par [c]) of the Domestic Relations Law, which permits a court to exercise jurisdiction, *inter alia,* if "the child is physically present in this state and * * * it is necessary in an emergency to protect the child" (see *Vanneck v Vanneck, supra*). In the Florida proceeding, the wife alleged that the husband had a problem with alcohol and had, in the course of his frequent rages, twisted the child's arm and thrown him down without reason. On at least two occasions, it was alleged, the husband had threatened and hit the

wife in front of the child and had threatened to hurt her and abscond with the child if she commenced any court proceeding. The wife also argued that if the husband continued to have access to the child he would strike, beat, and severely injure him, as well as disappear with him. Although these sworn but unsupported allegations might not have supported the exercise of jurisdiction under similar circumstances by a New York court pursuant to the "emergency" provision of the Domestic Relations Law (see *Gomez v Gomez,* 86 AD2d 594; *De Passe v De Passe,* 70 AD2d 473; *Schaeffer v Schaeffer,* 101 Misc 2d 118), since the Florida court had at least a colorable claim that it was exercising jurisdiction in conformity with the article, Special Term should have deferred its adjudication of the custody dispute in order to communicate with the Florida court (see *Vanneck v Vanneck, supra*). The failure of the Florida court to direct that the wife give notice to the husband prior to awarding temporary custody to the wife is not fatal to her claim that the Florida court properly exercised jurisdiction over the matter, provided that the husband is given reasonable notice and an opportunity to be heard before any further proceedings are conducted in the Florida court. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.