■ PAUL SAVAS, Respondent, v NANCY SAVAS, Appellant.— In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Abrams, J.), dated October 28, 1986, as awarded custody of the parties' child pendente lite to the parties jointly.

Ordered that the order is reversed, insofar as appealed from, on the law and as a matter of discretion, with costs, sole custody of the infant issue of the marriage is granted to the wife pendente lite, and the matter is remitted to the Supreme

Court, Suffolk County, for a hearing and determination as to visitation for the husband, unless the parties can reach an agreement on visitation prior thereto.

The husband's application for temporary custody of the parties' five-year-old daughter was brought approximately one year after the plaintiff husband moved out of the marital residence and commenced this matrimonial action. During that time, custody remained, by agreement of the parties, with the defendant wife. In seeking temporary custody, the plaintiff made no allegations that the defendant is an unfit parent, and indicated that the primary motivation for his application is the alleged interference by the defendant with his visitation. Nowhere in his moving papers did the plaintiff explain how, in light of his work schedule and living arrangements, he would provide for the care and schooling of the young child.

Clearly, it was reversible error for the court to direct the drastic change in the child's living arrangements that joint custody would entail without the benefit of a full hearing *(see, Biagi v Biagi,* 124 AD2d 770; *Richman v Richman,* 104 AD2d 934; *Matter of Mitchell v Mitchell,* 67 AD2d 924).* Moreover, upon our review of the record in this case, we can discern no grounds upon which a change in the present custody arrangements could be justified. The ability and fitness of the defendant to care for and raise her daughter is unquestioned, and the importance of maintaining stability in the living situation of the child argues strongly against any transfer in custody *(see, LaBow v LaBow,* 59 NY2d 956; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94).* Acknowledging also the priority that is to be accorded the first custody awarded in litigation or by voluntary agreement *(see, Friederwitzer v Friederwitzer, supra,* at 94), we conclude that the interests of the child will best be furthered by maintaining sole custody with the defendant until such time that a permanent award of custody is made.

Our determination is not intended to reflect adversely upon the plaintiff, who should be granted appropriate visitation rights. Niehoff, J. P., Lawrence, Rubin and Sullivan, JJ., concur.