◼ DONALD A. PERKINS, Appellant, v ELIZABETH A. PERKINS, Respondent.—In a proceeding, inter alia, pursuant to Family Court Act article 6 to modify an out-of-State judgment fixing custody and for an order directing various State and Federal child locator agencies to assist the petitioner in finding his missing child, the petitioner husband appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 4, 1987, which declined to exercise jurisdiction over the matter.

Ordered that the order is affirmed, without costs or disbursements.

In 1983 the petitioner's former wife left the marital residence for Florida taking the parties' daughter with her. A Florida court granted the wife a protective order against the petitioner upon a finding that "irreparable harm may come to the wife and to the minor child of the parties, if the motion is not granted". The petitioner did not move to vacate the order of protection. Shortly thereafter, the petitioner was properly

served with his wife's petition for dissolution of the marriage and permanent custody of the child which alleged that the petitioner had physically abused his wife to the extent that she was compelled to seek refuge in a shelter for battered wives. On March 31, 1983, a Florida court granted the wife a divorce and sole custody of the child upon the petitioner's default. No provision was made for visitation. In April 1983 the wife and child returned to New York for a period of seven months during which time the petitioner failed to commence a separate custody proceeding in New York within the six-month time period permitted by the Parental Kidnaping Prevention Act (28 USC § 1738A) and the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-d [1] [a] [ii]) or to seek legal visitation rights. The petitioner has had no contact with his daughter since late 1983 when his wife moved to California. The petitioner is now remarried and would like to be reunited with his daughter, but her present address is unknown.

We agree with the Supreme Court, Nassau County, that the State of New York is without jurisdiction to modify the Florida custody determination. The initial custody decree, which granted custody to the mother of the child upon the petitioner's default, was made consistently with the provisions of the Uniform Child Custody Jurisdiction Act and is entitled to full faith and credit (Domestic Relations Law § 75-n). The Florida court properly exercised jurisdiction under the "emergency" provision of the Uniform Child Custody Jurisdiction Act, which permits a court to exercise jurisdiction, *inter alia,* if "[t]he child is physically present in this state and * * * [i]t is necessary in an emergency to protect the child" (Fla Stat Annot § 61.1308 [1] [c] [2]; Domestic Relations Law § 75-d [1] [c]; *see, Quill v Quill,* 99 AD2d 543).

We can discern no jurisdictional predicate upon which a change in the present custody arrangement might be based. The petitioner contends that New York must exercise jurisdiction pursuant to Domestic Relations Law § 75-d (1) (d) (i), which provides that a court of this State may exercise jurisdiction when: "(d)(i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a) [or] (b) * * * *and* (ii) it is in the *best interest* of the child that this court assume jurisdiction" (Domestic Relations Law § 75-d [1]; emphasis supplied).

There is no evidence that an exercise of jurisdiction on the ground that "no other state would have jurisdiction" (Domestic Relations Law § 75-d [1] [d] [i], would be in the "best

interest" of the child (Domestic Relations Law § 75-d [1] [d] [ii]). Under traditional "best interest" analysis, great weight is to be afforded the first custody determination since the child's best interests are generally advanced by maintaining stability, absent " 'countervailing circumstances on consideration of the totality of circumstances' " *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95; *see also, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946). On this record, wresting the now 12-year-old child from the custodial parent is unwarranted *(Savas v Savas,* 127 AD2d 578). In addition, the child's total lack of contact with the father for the past four years militates strongly against transferring custody to the father *(see, LaBow v LaBow,* 59 NY2d 956).

This court is also cognizant of the policy considerations underlying the Uniform Child Jurisdiction Custody Act to limit the exercise of jurisdiction to those instances where the court has "optimum access to relevant evidence" and where the parties have maximum contacts with the State *(Vanneck v Vanneck,* 49 NY2d 602, 610, citing Prefatory Note of Commissioners on Uniform State Laws, 9 ULA § 3, at 124 [Master ed]). Accordingly, to exercise jurisdiction on the ground that no other State appears to have jurisdiction violates the spirit of the Uniform Child Custody Jurisdiction Act in this case, where the child has been absent from this State for about four years and there is a lack of substantial evidence concerning the child's present or future care within this State *(see, Steinman v Steinman,* 80 AD2d 892, 893-894).

We need not address the petitioner's contention that this State has jurisdiction where there is an immediate threat to the well-being of the child, since his allegations are conclusory and unsupported *(see, e.g., Matter of Tenenbaum v Sprecher,* 133 AD2d 371; *Matter of Hernandez v Collura,* 113 AD2d 750).

Finally, the petitioner, as a noncustodial parent, is not entitled to assistance in locating the child from the various agencies established under the Missing Children's Assistance Act because he is not a member of the class of persons which this legislation is intended to benefit (42 USC § 5771; 28 USC § 534 [a]). Nor is this court authorized to seek assistance from the Federal Parent Locator Service under the Parental Kidnaping Prevention Act since we do not have jurisdiction to make a custody determination (42 USC §§ 653-655, 663). Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.