■ In the Matter of JENNIFER J. BROZZO, Respondent, v FRANCIS W. BROZZO, Appellant. [596 NYS2d 588] —Mahoney, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered November 14, 1990, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of three of the parties' children.

Following the parties' violent separation in 1988, they stipulated to a mutual order of protection and a temporary custody order respecting three of their minor children, Gina, Andrew and Erin. Under the custody agreement, physical custody was with respondent and petitioner was accorded liberal visitation.

While the precise chronology of events subsequent to this time is unclear from the record, respondent evidently violated the order of protection, refused to comply with the visitation schedule and threatened to abscond with the children. This situation prompted petitioner to file a violation petition and to commence the instant proceeding for sole legal and physical custody of the children.

When it thereafter became apparent that respondent deliberately was avoiding service of the violation and custody petitions, petitioner made application for temporary custody of the children pending formal resolution of the custody petition. Family Court conducted an ex parte hearing on the subject and, at the conclusion thereof, agreed to the temporary relief requested (hereinafter the 1988 temporary custody order). As a result, a new custody proceeding was commenced, by order to show cause, incorporating the temporary relief. Service was to be effected upon respondent simultaneously with execution of an arrest warrant issued in connection with the violation petition. Upon learning of the actions taken as a result of the ex parte hearing, respondent, proceeding *pro se,* then made what was styled as a motion to dismiss wherein he objected to Family Court's 1988 temporary custody order on grounds of lack of notice. Following a series of court appearances and a hearing on the violation petition, in August 1989 respondent, still proceeding *pro se,* petitioned to have custody of the children returned to him. Following a fact-finding hearing in December 1989 on all pending matters, Family Court concluded that the children's best interest would be served by awarding custody to petitioner and entered an order accordingly. Respondent appeals.

We affirm. Addressing respondent's arguments seriatim, we note our disagreement with his foremost contentions that the 1988 temporary custody order and subsequent order awarding custody to petitioner are of no effect because Family Court lacked personal jurisdiction over him on both occasions. As regards the former contention, inasmuch as a final order has since been entered, this issue has been rendered moot. In any event, upon our review of the record, we believe that sufficient extraordinary circumstances were established at the hearing, notably the real possibility of danger to the children if they continued to reside with respondent, thus rendering Family Court's actions a provident exercise of its powers *(see, Alberts v Alberts,* 168 AD2d 1004; *Papernik v Papernik,* 55 AD2d 846; *cf., Senior v Senior,* 152 AD2d 784, 785). With respect to the final custody award, while it is unclear whether respondent

was served with petitioner's custody petition by the time stated in the order to show cause, his subsequent actions, notably affirmatively petitioning for custody himself and actively participating in the hearing, demonstrated his submission to Family Court's jurisdiction (see, Family Ct Act § 165 [a]).

We are also unpersuaded by respondent's alternate claim that Family Court's unexplained delay of over 10 months from completion of the hearing until the issuance of its decision requires vacatur of the order and the conducting of a new hearing. While we do not condone the lengthy delay, it is well settled that such is not grounds for a new hearing (see, Matter of Rathbun v Winchell, 183 AD2d 948, 949, n; Matter of Fringo v Riccio, 171 AD2d 963, 965; Matter of Burke v White, 126 AD2d 838, 840-841).

Finally, we reject respondent's challenge to the evidentiary basis underlying Family Court's decision to award custody to petitioner. A reading of the court's decision reveals that it carefully considered many of the numerous factors customarily recited as being of significance in determining what is in the children's best interest, to wit, each parent's stability, past performance, fitness, life-style and ability to guide the children's intellectual and emotional development (see, e.g., Matter of Dinino v Deima, 173 AD2d 1017, 1018; Matter of Gitchell v Gitchell, 165 AD2d 890, 894). According more weight to petitioner's testimony than to respondent's, a credibility determination with which we see no basis on this record to interfere, Family Court concluded that petitioner was the children's primary caretaker and would be more likely to encourage a relationship between them and respondent. Exercising our independent review, we note that although the record is replete with allegations by both parties that each was inattentive to the special needs of their children and that, on different occasions, each party's behavior could be classified as unloving, we find, on the whole, that Family Court's determination is supported by a sound and substantial basis in the record.

Weiss, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.