■ SALLY J. WHITE, Respondent-Appellant, v DENNIS W. WHITE, Appellant-Respondent. [619 NYS2d 428] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further

proceedings in accordance with the following Memorandum: Plaintiff, Sally J. White, and defendant, Dennis W. White, were married in July 1982. Two children were born of the marriage, Sarah in 1983 and Jennifer in 1984. In May 1992 plaintiff moved from the marital residence and took the children with her. She commenced an action for divorce in August 1992. In September 1992 Sarah left the home of her maternal grandparents, where she had been living with her mother and sister, and rode her bicycle to the marital residence, where defendant resided. She voluntarily remained with her father.

A custody hearing commenced on January 21, 1993. Each party sought custody of both children. Following the hearing, Supreme Court awarded joint custody, but granted residential custody of Sarah to defendant and residential custody of Jennifer to plaintiff. On appeal, defendant argues that the court erred in separating siblings in the absence of compelling reasons to do so. The Law Guardian submitted a brief supporting defendant's position. Plaintiff urges affirmance on the ground that the court's decision has a sound and substantial basis in the record.

Nearly two decades ago, the Court of Appeals held that "the separation of siblings * * * is to be frowned upon" *(Matter of Ebert v Ebert,* 38 NY2d 700, 704; *see also, Obey v Degling,* 37 NY2d 768, 771). The law in this area has remained constant *(see, Matter of Bilodeau v Bilodeau,* 161 AD2d 906, 907; *Wurm v Wurm,* 87 AD2d 590, 591, *appeal dismissed* 56 NY2d 886). This Court has held that sibling relationships should not be disrupted "unless there is some overwhelming need to do so" *(Pawelski v Buchholtz,* 91 AD2d 1200, 1201; *see also, Lee v Halayko,* 187 AD2d 1001, 1002; *Klat v Klat,* 176 AD2d 922, 923-924; *Keating v Keating,* 147 AD2d 675, 677, *lv dismissed* 74 NY2d 791).

It is also well-settled that the trial court's findings in custody cases are entitled to great weight because the trial court "is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties" *(Klat v Klat, supra,* at 923). However, an appellate court should not uphold a custody determination that lacks a sound and substantial basis in the record *(Matter of Perry v Perry,* 194 AD2d 837; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 116).

We conclude that the court's decision to split residential custody of siblings is not supported by the record, which does not reveal an "overwhelming need" for such separation. The

girls expressed the desire to live with their father and to live together, both to the court, in camera, and to the Law Guardian. The record is replete with evidence of the close relationship between the sisters, whose ages are only 14 months apart. Moreover, both girls expressed dislike for plaintiff's boyfriend.

The determination of the court was based upon its conclusions that Sarah, who has a more dominant personality, would overshadow Jennifer, and that Jennifer's personality would "blossom more readily living in a different household." In the absence of expert testimony to that effect, however, there is no basis for the conclusion that a quiet, sensitive sibling will be harmed by exposure to a sibling with a more dominant personality. Indeed, different personalities are part of the dynamics of most intact families.

The court also expressed concern that Sarah's preference for defendant and negative feelings toward plaintiff were being fostered by defendant. If the court believed that, however, it would have been a ground upon which to deny residential custody to defendant (see, Matter of Erck v Erck, 147 AD2d 921).

We conclude that the best interests of the children will be served by living together with defendant. They will be living in the home where they grew up, in a country setting with pets and horses. They will have access to their stepsisters, stepbrother, and paternal grandparents, with whom they share close relationships. Plaintiff and her family live close enough for frequent visitation. We modify Supreme Court's order to provide that residential custody of Jennifer shall be with defendant, and we remit the matter to Supreme Court to set a reasonable visitation schedule for plaintiff. (Appeals from Order of Supreme Court, Genesee County, Graney, J.—Custody.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.