■ In the Matter of PATRICIA T. NICOTERA, Respondent, v THOMAS C. NICOTERA, Appellant. JAMES J. BREARTON, as Law Guardian for THOMAS C. NICOTERA, JR., Appellant. [635 NYS2d 739] —White, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered October 22, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of custody of the parties' children.

The parties' separation agreement, that is incorporated but not merged in the judgment of divorce entered on September 8, 1989, provides that they shall have joint custody of their two sons, born July 19, 1982 and February 14, 1986. Subsequently, pursuant to the parties' April 1990 stipulation, Family Court, in June 1991, ordered that the physical custody of the children would be shared according to a complex, alternating schedule of five- to seven-day periods. Two months later, petitioner filed a modification petition seeking sole custody on the ground that joint custody was not feasible due to respondent's refusal to communicate and cooperate with her. Predicated upon a second petition filed by petitioner alleging that respondent had destroyed the children's day care arrangement by harassing the babysitter, Family Court, on September 26, 1991, issued an order to show cause granting petitioner sole custody pending the trial of this matter. At the conclusion of the trial that spanned three days, Family Court dismissed the various violation petitions the parties had filed, granted sole custody to petitioner and established a liberal visitation schedule for respondent. Respondent and his oldest son, Thomas C. Nicotera Jr., appeal the custody determination.

We begin our analysis by noting that Family Court's determination is entitled to great deference from this Court as it had the advantage of hearing the witnesses and weighing their credibility and will only be set aside if it lacks a sound and substantial basis in the record (see, Matter of Betancourt v Boughton, 204 AD2d 804, 806; Matter of Powers v Powers, 201 AD2d 838, 839).

Joint custody is appropriate where both parties are "fit and loving parents who desire to share in the upbringing of their children" and have "demonstrated a willingness and ability to put their differences aside and behave in a 'mature civilized fashion'" (Juneau v Juneau, 206 AD2d 647, 648, quoting Braiman v Braiman, 44 NY2d 584, 590). Here, there is a sound and substantial basis for Family Court's finding that the parties have not met this criteria since the record shows that in the two years preceding the trial, the parties communicated mostly by certified mail apparently because respondent did not respond to petitioner's messages left on his answering machine. It was further established that respondent refused to provide petitioner with his unlisted phone number because that line was reserved for his close friends and associates. There is also evidence that he showed his oldest son court papers relating to this matter and, upon discovering a small bruise on his young-

est son's buttock, took him to the State Police without first consulting petitioner to discover the origin of the bruise.*

Petitioner also exhibited an inability to cooperate for she did not provide respondent with the name and address of the children's babysitter nor did she consult with him on the question of child care. There are also indications that she may have thwarted judo lessons for the children that respondent had arranged. Further, the psychologist, whose report the parties stipulated to accept, opined that the cooperation and communication necessary for joint custody was not present here because of the parties' lack of trust.

Therefore, since this record clearly demonstrates that the joint custody arrangement was no longer viable due to the parties' inability to communicate and cooperate in a civil, mature manner, we shall not disturb Family Court's modification of the custody arrangement (*see, Matter of Bornholdt v Alfieri*, 201 AD2d 560; *compare, Matter of Haran-Buckner v Buckner*, 188 AD2d 705, 707).

Thomas A. Nicotera, Jr.'s appeal arises from Family Court's determination not to adopt his Law Guardian's recommendation that physical custody of the youngest child be with petitioner and that of Thomas be with respondent, which was in accord with Thomas' request made to Family Court in an in camera conference. Initially, we note that a Law Guardian's recommendation, while important, is not binding upon Family Court (*see, Matter of Perry v Perry*, 194 AD2d 837, 838). Nor are the desires of a child determinative, especially those of a young child who may not fully comprehend the full import of his or her request (*see, Eschbach v Eschbach*, 56 NY2d 167, 173; *Matter of Clark v Dunn*, 195 AD2d 811, 814). In any event, we fully support Family Court's determination on this point as the record does not reveal any overwhelming need to separate the children (*see, Matter of Ebert v Ebert*, 38 NY2d 700, 704; *White v White*, 209 AD2d 949, 950, *lv dismissed* 85 NY2d 924).

Lastly, while Family Court, in the absence of extraordinary circumstances, should not have granted petitioner an ex parte temporary order of custody (*see, Kronenberger v Kronenberger*, 204 AD2d 1059, 1060; *Alberts v Alberts*, 168 AD2d 1004), the arguments pertaining thereto have been rendered moot by the entry of the final order herein (*see, Matter of Brozzo v Brozzo*, 192 AD2d 878, 879).

For these reasons, and as we find the remaining contentions unpersuasive, we affirm the order of Family Court.

* The child abuse allegation against petitioner was subsequently determined to be unfounded.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.