■ CYNTHIA MARIE S., Appellant, v ALLEN WAYNE L., Respondent. [643 NYS2d 569]

Petitioner and respondent are, respectively, the mother and father of Christopher L., born in September 1991. Following marital difficulties, petitioner and respondent entered into a separation agreement while visiting relatives in New York City in August 1994. The agreement provided, *inter alia*, for joint legal custody of their son, with physical custody of the child to be enjoyed alternately by each parent for six-month periods until Christopher reached school age, at which time he would reside with petitioner. Petitioner subsequently moved to New York City; respondent moved to the Commonwealth of Massachusetts. In June 1995, believing that her husband's living arrangements in the Commonwealth were unsuitable for a child, petitioner commenced a custody proceeding before the Family Court to avoid relinquishing custody of Christopher to her husband under the terms of the separation agreement. Respondent filed a cross-petition for custody. In August 1995, the Family Court directed that Christopher reside temporarily with his father in Massachusetts. Subsequently, at the urging of the court, the parties agreed to withdraw their respective petitions and to abide by the separation agreement, by which Christopher was to be returned to petitioner's sole physical custody on February 2, 1996.

In late 1995, while still in respondent's custody, Christopher

purportedly informed respondent that he had been physically and sexually abused by petitioner's boyfriend. Respondent filed an action for divorce in Massachusetts probate court on November 16, 1995, and filed an ex parte motion for sole custody and the appointment of a guardian ad litem. On November 14, 1995, petitioner commenced the current proceeding in New York Family Court, seeking custody and visitation. Following a brief conference on December 1, 1995, the court dismissed the proceeding, without prejudice. The record provides no indication that the Family Court conducted an examination of the propriety of the Commonwealth's jurisdiction over the custody matter.

We reverse. In deciding whether to exercise jurisdiction over this custody matter pursuant to Domestic Relations Law article 5-A, the Family Court had an affirmative duty to determine whether the Commonwealth court was "exercising jurisdiction substantially in conformity with this article" (*Vanneck v Vanneck*, 68 AD2d 591, 593, *affd* 49 NY2d 602; Domestic Relations Law § 75-g [1]). Even at this early stage, such an inquiry may require communication with officials of the Commonwealth, to assure that custody issues will be litigated in a satisfactory fashion and in an appropriate forum (*Vanneck v Vanneck*, 68 AD2d, *supra*, at 596-598). Since the Family Court conducted no such analysis, but merely dismissed this proceeding after learning that respondent had previously commenced a divorce action seeking custody in Massachusetts, we remit for a proper jurisdictional hearing. Finally, respondent's commencement of a foreign divorce action poses no constitutional obstacle to petitioner's efforts to enforce the preexisting separation agreement in the Family Court. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.