■ WILLIAM RIVERA, Appellant, v ANGELA RIVERA, Respondent. [656 NYS2d 624] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), entered on or about April 8, 1996, which, *inter alia*, denied plaintiff custody of the parties' minor daughter, unanimously reversed, to the extent appealed, on the law, without costs, the second decretal paragraph is vacated, and the matter remitted for a jurisdictional hearing pursuant to Domestic Relations Law § 75-g.

Plaintiff and defendant were married on February 13, 1988, and are, respectively, the father and mother of two children, Angelica, born in 1988, and Diandra, born in 1992. As a result of on-going marital difficulties, the defendant twice left her husband in New York and relocated with her children to Puerto Rico. In 1993, the defendant stayed in Puerto Rico for approximately two and one-half months, until plaintiff persuaded her to return to him in New York with the children. Later that year, defendant again took the children to Puerto Rico; plaintiff was unable to persuade her to return this time, but she allegedly orally agreed that he could have custody of the younger child, Diandra. From January 1994 to the present, Diandra has been living with her father in New York.

On December 13, 1994, plaintiff commenced this action for divorce, requesting permanent custody of Diandra. The defendant answered with a special appearance, and requested dismissal of the action for lack of jurisdiction, on the ground that Puerto Rico had assumed jurisdiction over the matter six months previously. Submitted as exhibits to the defendant's answer were two documents from the Superior Court of Puerto Rico: (1) an October 25, 1994 order directing the plaintiff to return the child to Puerto Rico; and (2) a warrant for the plaintiff's arrest issued on or about November 2, 1994, for parental kidnapping. Both exhibits referred to determinations made by the court on July 5, 1994, when the defendant asserts the Superior Court of Puerto Rico obtained jurisdiction over the matter. No July 5th determinations are included in the record on appeal, and plaintiff argues that he had no prior notice thereof.

The New York court set a date of April 27, 1995 for a trial. Plaintiff testified; defendant was notified but did not appear. On June 28, 1995, plaintiff made a motion before the New York court for a divorce on the grounds of abandonment and for permanent custody of Diandra, asserting that the court of Puerto Rico lacked jurisdiction to issue an order affecting his custodial rights. The court granted the divorce, but denied that part of plaintiff's motion seeking custody of Diandra, errone-

ously concluding that the proper forum to determine a claim of jurisdictional defect is the Superior Court of Puerto Rico.

As we previously held in *Cynthia Marie S. v Allen Wayne L.* (228 AD2d 249, 250), "In deciding whether to exercise jurisdiction over this custody matter pursuant to Domestic Relations Law article 5-A, the [trial court] had an affirmative duty to determine whether the [other tribunal] was 'exercising jurisdiction substantially in conformity with this article' (*Vanneck v Vanneck*, 68 AD2d 591, 593, *affd* 49 NY2d 602; Domestic Relations Law § 75-g [1]). Even at this early stage, such an inquiry may require communication with officials of the [other tribunal], to assure that custody issues will be litigated in a satisfactory fashion and in an appropriate forum (*Vanneck v Vanneck*, 68 AD2d, *supra*, at 596-598)." Although it attempted to obtain information on the issue, the trial court erroneously deferred a determination on jurisdiction to the Superior Court of Puerto Rico. Since "it was incumbent upon [the trial court] to communicate with the [Puerto Rico Superior Court] 'to the end that the issue may be litigated in the more appropriate forum' " (*Vanneck v Vanneck*, *supra*, at 596), we remit the matter to the trial court for further proceedings, including a jurisdictional hearing, to determine whether the Superior Court of Puerto Rico was exercising jurisdiction substantially in conformity with Domestic Relations Law article 5-A. Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.