■ In the Matter of RODERICK P. JAVIER, Appellant, v LOURDES JAVIER, Respondent. [694 NYS2d 737] —In an interstate custody proceeding pursuant to Domestic Relations Law article

5-A, the petitioner father appeals from an order of the Supreme Court, Queens County (Flug, J.), dated January 12, 1998, which denied the petition on the ground that the State of California retained jurisdiction over the matter.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the proceeding is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The petitioner-father and the respondent-mother were divorced by judgment of the Superior Court of California, Alameda County (hereinafter the California court), filed April 12, 1996. Pursuant to the judgment, the parties were awarded joint custody of their two children, with primary physical custody to the mother. The father relocated to New York.

In March 1997 a child protective proceeding was commenced against the mother in California based on allegations that the parties' daughter had been sexually abused by the mother's then-boyfriend. As a result of that proceeding, the California court removed the children from the mother's home and remanded them to the temporary custody of the father in New York. By order dated December 17, 1997, the California court continued the children's residence with their father "for the remainder of the school year, or until the criminal case now pending against * * * [the mother's boyfriend is] resolved or until further order of the court". The order further provided for a "review of the issue of physical custody of the children in the family law case now pending in [the California court] * * * upon the occurrence of any of the foregoing events". The record does not reveal the status of the child protective proceeding or the family law case referred to by the court.

In December 1997 the father commenced this proceeding in the New York State Supreme Court pursuant to Domestic Relations Law article 5-A seeking permanent, sole custody of the parties' children. In the order appealed from, the Supreme Court determined that California has jurisdiction over the matter and dismissed the petition. We reverse and remit the matter for further proceedings in accordance herewith.

Although the father has alleged grounds upon which the New York State Supreme Court might exercise jurisdiction over this matter (see, Domestic Relations Law § 75-d [1] [a], [b]), this does not resolve the issue of the propriety of the exercise of such jurisdiction. Rather, the resolution of that issue requires communication with the courts of California (see, Vanneck v Vanneck, 49 NY2d 602; Quill v Quill, 99 AD2d 543;

Domestic Relations Law § 75-g [3]; § 75-h). Inquiries should be made as to what, if any, proceedings concerning child custody are pending in that State, and whether California maintains and wishes to retain jurisdiction over its prior decree or decrees (*see,* Domestic Relations Law §§ 75-g, 75-h, 75-o; 28 USC § 1738A [d]; *Matter of Heitler v Hoosin,* 143 AD2d 1018; *Matter of Tenenbaum v Sprecher,* 133 AD2d 371). Accordingly, the matter is remitted to the Supreme Court, Queens County, with the direction that it communicate with the courts of California in accordance herewith. S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.