■ In the Matter of BRIAN WILLIAMS, Appellant, v KISHA TAYLOR, Respondent. [797 NYS2d 764]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated September 27, 2004, which, without a hearing, awarded custody of the subject child to the mother.

In a child custody proceeding pursuant to Family Court Act

article 6, the father appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated March 23, 2005, which granted that branch of the mother's motion which was, in effect, to dismiss the petition for lack of subject matter jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, that branch of the mother's motion which was, in effect, to dismiss the petition for lack of subject matter jurisdiction is denied, the petition is reinstated, the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith, and the prior order of the Family Court, Kings County, dated September 27, 2004, awarding custody of the child to the mother, is vacated.

While the mother submitted documents to the Family Court indicating that she may have commenced a custody proceeding in Jamaica, West Indies, before the commencement of the instant proceeding, the Family Court erred in summarily dismissing the instant petition. Rather, the Family Court should have communicated with the courts of Jamaica regarding what, if any, proceedings were pending in Jamaica, and whether Jamaica maintained and wished to retain jurisdiction over the matter (*see* Domestic Relations Law § 76-e [1], [2]; *Matter of Javier v Javier,* 264 AD2d 735, 736-737 [1999]; *Cynthia Marie S. v Allen Wayne L.,* 228 AD2d 249, 250 [1996]). Upon remittitur, if the Family Court determines that a prior proceeding remained pending in Jamaica, and the Jamaican court wishes to retain jurisdiction, only then should the Family Court dismiss this proceeding in favor of the Jamaican proceeding (*see* Domestic Relations Law § 76-e [1], [2]). H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.