*518 Order, Family Court, Bronx County (James E. d’Auguste, J.), entered on or about February 29, 2012, which granted petitioner mother custody of the subject child, unanimously affirmed, without costs.
The Family Court properly determined that it had jurisdiction over this matter pursuant to Domestic Relations Law § 76 (1) (b). Florida could not have jurisdiction because, although it was the child’s home state at the time the proceeding commenced, neither the child nor either party resided there. Furthermore, the mother and child resided in New York and had a family network here, and substantial evidence was available in this state regarding the child’s care.
Although respondent father commenced a proceeding in Florida prior to the commencement of the New York proceeding, Family Court correctly found that Florida could not have jurisdiction in substantial conformity with the Uniform Child Custody Jurisdiction and Enforcement Act because neither the child nor the parties were residing there (see Domestic Relations Law § 76 [1] [a]). In any event, having learned of the Florida proceeding, the court fulfilled its obligation pursuant to Domestic Relations Law § 76-e by attempting to communicate with the Florida court (see Vanneck v Vanneck, 49 NY2d 602, 610-611 [1980]; cf. Cynthia Marie S. v Allen Wayne L., 228 AD2d 249 [1st Dept 1996]).
We have considered the father’s remaining contentions and find them unavailing. Concur — Mazzarelli, J.R, Saxe, Moskowitz, DeGrasse and Gische, JJ.