■ ROBIN JAMES, Respondent-Appellant, v PETER JAMES, Appellant-Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 5, 1990, which, inter alia, awarded the plaintiff temporary maintenance of $2,088 per month, $281 per week for support of the parties' two children, $256 per week for child care expenses (including outstanding tuition bills), unreimbursed medical, dental and pharmaceutical expenses for plaintiff and the children, an interim counsel fee of $5,000 and an interim accountant's fee of $3,500, unanimously modified, on the law and the facts, to remit the matter to the IAS court to clarify its allocation of the housing expenses vis-à-vis its awards for child support and temporary maintenance and, in the event it determines that such expenses have been allocated to both awards, the temporary maintenance award should be reduced accordingly. As so modified, the order is otherwise affirmed, without costs.

The parties were married in 1982, and have two young children. After reviewing approximately 200 pages of tax and financial statements and tables, including extensive conflicting affidavits addressed to those materials, the IAS court rendered an opinion and order awarding plaintiff temporary maintenance and child support. With regard to most of the issues raised on these cross appeals, the pendente lite award does not appear unreasonable and a prompt trial is the most effective method of resolving any claimed inequities concerning the interim awards *(Bremer v Miele,* 155 AD2d 359).

Plaintiff and the children occupy the parties' cooperative apartment which carries combined mortgage and maintenance charges of $2,525 per month. One half that amount, $1,262.50, was allocated to the children's support by the plaintiff in her statement of net worth, and was apparently considered by the court in awarding child support under the Child Support Standards Act (Domestic Relations Law § 240 [1-b]). Nevertheless, in calculating plaintiff's temporary maintenance, the court apparently included in her housing expenses the full amount of the mortgage and maintenance charges, instead of the $1,262.50 fairly attributable to the plaintiff's expenses after deducting the portion attributable to the children's expenses. Such a duplicative award is not contemplated by the statute and is improper, since the award of housing expenses is, in part, to ensure that shelter is provided for the children as part of the basic child support obligation. *(See, Lenigan v Lenigan,* 159 AD2d 108, 112.) However, we are unable to determine with certainty whether the IAS court has allocated one half of the housing expenses to the children as part of their support. Consequently, we remand the matter to the IAS court so that it may clarify such allocations and, if indicated, reduce plaintiff's temporary support by $922 per month, after applying the 73% prorating ration reached by the IAS court based on defendant's income as a share of the parties' combined income. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.