■ HARVEY FELTON, Appellant, v HELEN B. FELTON, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) an order of the Supreme Court, Westchester County (Fredman, J.), entered December 21, 1989, which, *inter alia,* awarded the defendant wife temporary child support and maintenance, and (2) a judgment of the same court, entered October 29, 1990, which awarded the defendant $108,651.91 representing arrears in child support and maintenance, and awarding plaintiff's attorneys $1,000 for legal fees.

Ordered that the order and the judgment are affirmed, with one bill of costs.

We disagree with the plaintiff's contention that the pendente lite order was not supported by the facts and evidence before the court, was based on erroneous information, and was excessive. The appropriate remedy in a dispute over a temporary award of child support and maintenance, where, as here, there are wide discrepancies in the facts presented in the parties' conflicting affidavits, is a prompt trial at which the facts may be examined in far greater detail and a more accurate appraisal of the situations of the parties may be obtained *(see, Sayer v Sayer,* 130 AD2d 407, 408). Here, based upon the motion papers, the court believed that the plaintiff, an attorney, was able to meet his financial responsibilities to his family. It further found the plaintiff's version of his finances to be patently unbelievable and correctly concluded that this justified an award based upon the defendant's proof of her needs *(see, Sayer v Sayer, supra,* at 410-411). The plaintiff's claims were rendered unbelievable by the parties' lifestyle and the plaintiff's acquisition of real and personal property in the years immediately before the commencement of the action. Thus, the court was justified in imputing to the plaintiff an income which was far higher than that which he was willing to admit *(see, Powers v Powers,* 171 AD2d 737; *Rosenberg v Rosenberg,* 155 AD2d 428, 431; *Cusimano v Cusimano,* 149 AD2d 397, 399; *Sayer v Sayer, supra,* at 411).

The order and the judgment for arrears were properly

entered pursuant to Domestic Relations Law § 244 and the credible facts presented. Domestic Relations Law § 244 states in pertinent part: "Where a spouse in an action for divorce, separation or annulment * * * defaults in paying any sum of money as required by the judgment or order directing the payment thereof * * * [t]he court shall make an order directing the entry of judgment for the amount of arrears * * * unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears". The court has no discretion to refuse to enter a judgment for arrears of support where the amount is shown to be due and unpaid. The 1980 amendments to Domestic Relations Law § 244 severely limited the discretion of the courts to forgive arrears (*Vigo v Vigo*, 97 AD2d 463). The plaintiff did not dispute his failure to make the ordered payments nor did he dispute the amount of the arrears alleged in the defendant's motion. Therefore, there were no factual issues in dispute which might have prevented the court from awarding a money judgment (*cf., Moore v Moore*, 112 AD2d 148, 149). Furthermore, the plaintiff never demonstrated good cause for failure to seek relief prior to the accrual of arrears. Thus, the defendant was entitled to entry of a money judgment without a hearing (*see, Miller v Miller*, 160 AD2d 912, 913).

We have considered the plaintiff's remaining contentions and find them to be without merit (CPLR 5003; *cf., Gaines v Gaines*, 109 AD2d 866, 867). Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.