■ JONATHAN KRANTZ, Appellant, v ABBEY KRANTZ, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated January 22, 1990, as (1) granted the defendant wife's motion for pendente lite relief to the extent of directing that he pay the defendant wife, pendente lite, the weekly sums of $250 in maintenance and $558.06 in child support, as well as the monthly carrying charges on the marital residence of $3,266.97, and (2) granted, without a hearing, the defendant wife's request for temporary custody of the parties' two infant children and established a schedule of visitation for the plaintiff.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof that directs the plaintiff to pay the sum of $558.06 per week, pendente lite, for the support of the parties' two infant children, for a total of $808.06 in maintenance and child support, and substituting therefor a provision awarding the defendant $369.58 per week in child support, for a total of $619.58 in weekly maintenance and child support pendente lite; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The husband claims that the court's pendente lite awards of maintenance and child support were inappropriate because he was already making voluntary payments to the wife, which payments were sufficient to meet all of her and the children's reasonable needs. He further claims that the court erred in its

calculation of the child support award when it initially misapplied the guidelines of Domestic Relations Law § 240 (Child Support Standards Act), and then ordered him to pay not only child support but the carrying charges on the marital residence. His final complaint on appeal is that the court made temporary custody and visitation determinations without conducting a hearing.

We disagree with the husband's contention that the court should have permitted him to continue his voluntary payments to the wife, rather than direct payments of specific amounts for pendente lite maintenance and child support. It is true that the courts favor voluntary arrangements for support by a noncustodial parent during the pendency of a matrimonial action, provided the voluntary payments meet both the reasonable needs and standard of living tests *(see, Shapiro v Shapiro,* 8 AD2d 341, 342-343; *see also, Hite v Hite,* 89 AD2d 577).* However, those tests were not being met. The wife and children frequently had to depend on the whim of the financially superior husband for their support *(see, Salerno v Salerno,* 142 AD2d 670, 671-672; *Cooper v Cooper,* 121 AD2d 181, 183). For this reason, and also because a trial does not appear imminent, we find that the court properly granted the temporary award to "tide over the more needy party" until the trial is held *(Isham v Isham,* 123 AD2d 742, 743).

We find, however, that the husband's contention that the court miscalculated the child support award has merit. We do not agree that the court was required to deduct the maintenance award from his gross income before applying the formula set forth by the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii]; [c]), since a pendente lite award, rather than a permanent award, is at issue here *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii]; [c]; *Lenigan v Lenigan,* 159 AD2d 108, 111). However, we agree that the court erred when it directed him to pay both child support and the carrying charges on the marital residence, because this resulted in a double shelter allowance *(see, Lenigan v Lenigan, supra,* at 112; *see also, James v James,* 169 AD2d 441). The *Lenigan* court recognized that payments for housing (e.g., mortgage payments) could be directed in addition to child support, upon a finding that the basic child support obligations as fixed by the Child Support Standards Act would be unjust or inappropriate, provided that the court identified in its written order the "factors *(see generally,* Domestic Relations Law § 240 [1-b] [f]) that induced it to vary from the statutory amount and articulated the reasons for the

child support actually awarded (Domestic Relations Law § 240 [1-b] [g])" *(Lenigan v Lenigan, supra,* at 112). In this case, the Supreme Court properly set forth the factors it considered, and, under the circumstances of this case, it did not err in directing the plaintiff to pay the full amount of the carrying charges on the marital residence. However, to arrive at a just and appropriate award, a reduction in the weekly child support allowance from $558.06 to $369.57 is necessary. We arrive at this amount by subtracting the total amount of the annual carrying charges of $39,203.64 from the husband's gross income of $116,075.55 ($120,000 less social security payments of $3,924.45), resulting in $76,871.91. Applying the formula in the Child Support Standards Act (25% for two children) to $76,871.91, results in an annual child support award of $19,217.98, or $369.58 weekly.

The husband's contention that he has been left with an income which falls below the self-support reserve *(see,* Domestic Relations Law § 240 [1-b] [b] [6]), lacks merit, notably because of the errors in his calculations. In any event, the child support and maintenance awards, as modified by this court, clearly allow him a self-support reserve.

We have examined the husband's remaining contention, that the court erred in determining the pendente lite custody and visitation arrangements of the parties' two infant sons without conducting a hearing, and find it equally lacking in merit *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94-95; *Meirowitz v Meirowitz,* 96 AD2d 1030, 1030-1031 [custody]; *Girardi v Girardi,* 140 AD2d 486, 487; *Askinas v Askinas,* 155 AD2d 498, 499 [visitation]). Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.