(September 28, 1992)

◼ ALEXIS BERG, Respondent, v IRWIN BERG, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated February 15, 1991, as directed that he pay the plaintiff wife pendente lite the full amount of the monthly carrying charges on the marital residence in the sum of $1,050, and child support pursuant to Domestic Relations Law § 240 (1-b) of $190.21 per week for the support of the parties' two children.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof requiring the defendant husband pendente lite to pay the full amount of the monthly carrying charges on the marital residence in the sum of $1,050, and substituting therefor a provision awarding the plaintiff wife pendente lite maintenance of $605 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

After commencing the present action for divorce, the plaintiff wife moved for relief which included, *inter alia,* $500 per week in maintenance, an additional $500 per week in child support, and to compel the defendant husband to pay the full amount of the monthly carrying charges on the marital residence in the sum of $1,050.

Although the court found "no adequate showing of need" and denied the plaintiff's application for maintenance, it granted her $190.21 per week in child support for the parties' two children pursuant to the Child Support Standards Act (hereinafter CSSA) *(see,* Domestic Relations Law § 240 [1-b]), and further directed the defendant to pay the monthly carrying charges on the marital residence, in which the wife presently resides with the parties' two children, of $1,050. This appeal ensued. On appeal, the defendant contends that the award of the carrying charges was improper because it constituted either maintenance, which the court had already denied, or an additional unjust shelter allowance for the children.

The parties are in comparable financial situations, and

requiring either of these parties to shoulder the burden of the full amount of the carrying charges for the marital residence will leave that party with insufficient funds to meet his or her own needs *(see, Wesler v Wesler,* 133 AD2d 627; *Crowley v Crowley,* 120 AD2d 559; *Chachkes v Chachkes,* 107 AD2d 786) and will place that party below the self-support reserve level *(see,* Domestic Relations Law § 240 [1-b] [b] [6]). Further, in *Lenigan v Lenigan* (159 AD2d 108), *Krantz v Krantz* (175 AD2d 863), and *James v James* (169 AD2d 441), the courts found that a double shelter allowance for the children is unjust and inappropriate.

Accordingly, we find it appropriate to relieve the husband of the carrying charges on the house. The wife shall assume responsibility for those payments, but in the exercise of our discretion, we also grant her an award of maintenance to ensure that this will not unfairly compromise her own financial position. To determine an equitable award of maintenance, we have subtracted the husband's annual child support obligation determined by the Supreme Court ($9,890.69) from his gross income less Social Security taxes ($39,248.75) and have added this figure ($29,358.06) to that of the wife's gross income less Social Security taxes ($31,399) in order to ascertain total income of the parties, less child support ($60,757.06), and each spouse's percentage thereof (48% husband, 52% wife). Thus, the wife is awarded 48% of $1,050, i.e., or $504, plus 20% of $504 to account for the fact that the payment constitutes maintenance, which is tax deductible to the husband (Domestic Relations Law § 236 [B] [6] [a] [7]). Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.