■ LYNN A. FERDINAND, Respondent, v GEORGE FERDINAND, Appellant. [625 NYS2d 650] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 12, 1993, as granted the plaintiff $7,000 in interim counsel fees and (2) an order of the same court dated November 1, 1993, as modified the maintenance granted to the plaintiff by the August 12, 1993, order, only to the extent of reducing the pendente lite maintenance to the sum of $600 per week.

Ordered that the order dated November 1, 1993, is modified by deleting the provision thereof granting pendente lite maintenance to the plaintiff in the amount of $600 per week, and by substituting therefor a provision awarding the plaintiff $475 per week pendente lite maintenance; as so modified, the order dated November 1, 1993, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated August 12, 1993, is affirmed insofar as appealed from, without costs or disbursements.

Pendente lite maintenance is "designed to insure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial" *(Cohen v Cohen,* 129 AD2d 550; *see also, Shapiro v Shapiro,* 163 AD2d 294). In order to achieve this purpose, a court must make the financial need of the spouse requesting pendente lite maintenance *its* primary consideration *(McCarthy v McCarthy,* 156 AD2d 346). The respective financial conditions of the parties and the pre-separation standard of living should also be considered in the grant of pendente lite maintenance *(see, Byer v Byer,* 199 AD2d 298; *Kessler v Kessler,* 195 AD2d 501; *Polito v Polito,* 168 AD2d 440). We find that certain of plaintiff's monthly expenses were excessive or unnecessary, and therefore, the award of pendente lite maintenance was excessive.

Domestic Relations Law § 237 allows the court to grant interim counsel fees "in the court's discretion" (Domestic Relations Law § 237 [a] [5]). The Court of Appeals has recognized that awarding counsel fees is discretionary under this section *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879). In this

case, the plaintiff has no independent source of income. Without the grant of interim counsel fees, the plaintiff would not be able to carry on this litigation. Accordingly, we find that the court acted within its discretion for the purpose of awarding interim counsel fees. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.