■ SANDRA LJUTIC, Respondent, v PETER J. LJUTIC, Appellant. [627 NYS2d 759] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 10, 1994, which, upon renewal, *inter alia,* modified a prior order of the same court, entered January 6, 1994, by directing him to pay $500 per month to the wife for rent and homeowner's insurance pending the trial of the action.

Ordered that the order entered March 10, 1994, is modified, on the law and as a matter of discretion, by reducing the pendente lite award of rent and homeowner's insurance to $100 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Notwithstanding the fact that a speedy trial is ordinarily the proper way to rectify inequities in orders awarding pendente lite relief, such orders may be modified on appeal when the interest of justice warrants it *(Androvett v Androvett,* 172 AD2d 792). Upon our review of the record, we find that the financial obligations imposed upon the husband by the Supreme Court do not leave him with adequate resources from which to pay his actual, reasonable living expenses *(see, Hirschman v Hirschman,* 156 AD2d 644; *Wesler v Wesler,* 133 AD2d 627). Accordingly, the circumstances of this case warrant a reduction of the husband's obligation to pay the wife's rent and homeowner's insurance to $100 per month.

The Supreme Court properly awarded the wife temporary, exclusive possession of the marital apartment. The husband failed to deny the wife's allegations of violence and cruelty or otherwise to create a triable question regarding possession of the apartment *(see, Harrilal v Harrilal,* 128 AD2d 502).

Finally, in view of the facts and circumstances of this case, including the financial circumstances of the parties, we find that the award of interim counsel fees was a proper exercise of the Supreme Court's discretion *(see,* Domestic Relations Law § 237 [a]; *Cole v Cole,* 182 AD2d 738). Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.