■ LISA KESTEN, Respondent, v ALAN N. KESTEN, Appellant. [650 NYS2d 807] —In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated February 14, 1995, as granted those branches of the plaintiff wife's motion which were for interim counsel fees and nontaxable pendente lite maintenance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Domestic Relations Law authorizes the court, in its discretion, to award interim counsel fees (*see,* Domestic Relations Law § 237 [a] [5]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879). In view of the disparity in the financial circumstances of the parties, with the wife having no independent source of income, the court's award of interim counsel fees to her was not an improvident exercise of discretion (*see, Mitzner v Mitzner,* 228 AD2d 483; *Ljutic v Ljutic,* 216 AD2d 274; *Ferdinand v Ferdinand,* 215 AD2d 350).

The purpose of an award of pendente lite relief is to " 'tide over the more needy party, not to determine the correct ultimate distribution' " (*Roach v Roach,* 193 AD2d 660). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, with due regard for the preseparation standard of living (*see, Byer v Byer,* 199 AD2d 298). Here, the wife's showing with respect to the marital lifestyle was such that under the circumstances, there was a basis for the court to conclude that the husband's actual income and financial resources were greater than what he reported on his tax returns (*see, Felton v Felton,* 175 AD2d 794; *Powers v Powers,* 171 AD2d 737, 738; *Hrisikos v Hrisikos,* 155 AD2d 417; *Rosenberg v Rosenberg,* 155 AD2d 428, 431). Further, in view of the parties' disparate financial circumstances, the court did not improvidently exercise its discretion in making the maintenance award nontaxable to the wife (*see,* Internal Revenue

Code [26 USC] § 71 [b] [1] [B]; *Lowe v Lowe,* 211 AD2d 595; *Lasry v Lasry,* 180 AD2d 488). Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.