■ EVA HOENIG, Respondent, v DAN HOENIG, Appellant. [664 NYS2d 823] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 18, 1996, as (1) awarded the plaintiff

wife temporary maintenance in the amount of $1,000 per month, (2) awarded her temporary custody of the parties' two infant children, without a hearing, (3) awarded her temporary child support in the amount of $1,396 per month, (4) directed the defendant husband to pay all of the carrying charges on the marital residence, and (5) required him to pay health insurance premiums for the wife and children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of an award of pendente lite relief is to " ' "tide over the more needy party, not to determine the correct ultimate distribution" ' " (*Kesten v Kesten,* 234 AD2d 427; *Roach v Roach,* 193 AD2d 660). Pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, with due regard for the preseparation standard of living (*see, Kesten v Kesten, supra; Byer v Byer,* 199 AD2d 298).

Further, modifications of a pendente lite maintenance should rarely be made by an appellate court and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires (*see, Shipman v Shipman,* 237 AD2d 426). The general rule continues to be that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Shipman v Shipman, supra*).

Here, the wife's showing with respect to the marital lifestyle was such that, under the circumstances, there was a basis for the court to conclude that the husband's actual income and financial resources were greater than what he reported on his tax returns (*see, Kesten v Kesten, supra; Felton v Felton,* 175 AD2d 794). The Supreme Court essentially found the husband's view of his finances to be "patently unbelievable" (*Felton v Felton, supra,* at 794) and was justified in imputing income to him which was "far higher" than that which he was willing to admit, and in making an award based upon the wife's "proof of her needs" (*Felton v Felton, supra,* at 794).

Further, under the facts of this case, the Supreme Court was not required to conduct a hearing with respect to granting custody of the parties' two minor children to the wife (*see, Kehoe v Kehoe,* 234 AD2d 272; *Lazich v Lazich,* 189 AD2d 750; *Krantz v Krantz,* 175 AD2d 863, 865). The husband's remedy with respect to a visitation schedule, is to make an application in the Supreme Court.

The award for child support was supported by the record.

The remaining contentions of the husband are unpreserved

for review or without merit. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.