■ NATHAN CELAURO, Appellant-Respondent, v SUSAN CELAURO, Respondent-Appellant. [684 NYS2d 279] —In an action for a divorce and ancillary relief, (1) the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered April 14, 1998, as directed him not to pay his attorney any additional attorney's fees until he simultaneously pays the same amount of attorney's fees to the defendant wife's attorney, and (2) the defendant wife cross-appeals from so much of the same order as (a) directed the plaintiff husband to pay only $75 per week in temporary maintenance, (b) directed the plaintiff husband to pay only $225 per week in temporary child support for the parties' three children, and (c) denied her application for interim attorney's fees.

Ordered that the order is modified by (1) deleting the provision thereof which directed the husband not to pay his attorney any additional attorney's fees until he simultaneously pays the same amount to the wife's attorney, and (2) deleting the provision thereof which denied the wife's application for interim attorney's fees, and substituting therefor a provision awarding the wife interim attorney's fees in the sum of $10,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The husband contends that it was error for the court to prohibit him from paying his own attorney any additional attorney's fees unless he simultaneously pays the same amount to the wife's attorney. We agree that the court's direction improperly interferes with the retainer agreement between the husband and his attorney because it limits the attorney's ability to recover fees due from the husband (*see, Bisca v Bisca,* 108 AD2d 773, 775). Accordingly, we modify the court's pendente lite order to eliminate this provision.

We further find that the court improvidently exercised its discretion in denying an award of interim attorney's fees to the wife. In view of the widely disparate financial circumstances of the parties, an award of interim attorney's fees is warranted (*see, Kesten v Kesten,* 234 AD2d 427; *Ljutic v Ljutic,* 216 AD2d 274; *Ferdinand v Ferdinand,* 215 AD2d 350).

However, we reject the wife's claim that the court's temporary support and maintenance awards are inadequate. It is well settled that the purpose of a pendente lite award is to "ensure that a needy spouse is provided with funds for his or her support and reasonable needs and those of the children in his or her custody" (*Pascale v Pascale,* 226 AD2d 439, 440; *Gold v Gold,* 212 AD2d 503). Here, in addition to awarding the wife temporary maintenance and child support, the court directed the husband to pay all carrying charges on the marital residence, including mortgage payments, taxes, utilities, and expenses incurred for services including cable television, gardening, and snow removal. Under these circumstances, we find that the support and maintenance awards are sufficient to meet the reasonable needs of the wife and children during the pendency of this action (*see, Pascale v Pascale, supra*; *O'Connor v O'Connor,* 207 AD2d 334). Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.