■ ANGELA M. RYDER, Respondent, v NICHOLAS J. RYDER, JR., Appellant. [700 NYS2d 862] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered December 21, 1998, as granted those branches of the plaintiff wife's motion which were for pendente lite relief to the extent of (1) awarding her temporary child support in the sum of $330 per week and maintenance in the sum of $125 per week for a total of $455 per week, and (2) directing him to pay specified carrying charges on the marital residence.

Ordered that the order is modified by (1) deleting the provision thereof awarding the plaintiff wife temporary child support in the sum of $330 per week and maintenance in the sum of $125 per week for a total of $455 per week, and substituting therefor a provision awarding the plaintiff wife temporary child support in the sum of $307 per week and maintenance in the sum of $75 per week for a total of $382 per week, and (2) deleting the provision thereof directing that the defendant husband pay specified carrying charges on the marital residence; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The purpose of pendente lite relief is to insure that the reasonable monetary requirements of the needy spouse are provided for pending trial. To that end, the financial needs of the spouse requesting pendente lite relief are the primary consideration for the court. While ordinarily the proper remedy for rectifying any inequities in the relief ordered is a speedy trial, when the support payments directed by the court are so prohibitive as to strip the payor spouse of the income and the ability to meet his or her allowable expenses, then this Court may grant relief in the interest of justice (*see, e.g., Frankenbach v Frankenbach,* 244 AD2d 524; *Ferdinand v Ferdinand,* 215 AD2d 350).

The Supreme Court directed that the defendant pay the sum of $655 per week in combined support payments and carrying charges on the marital residence. However, the defendant established that in 1998 his expected gross pay was $69,333, and his net pay (after taxes and deductions for marital loans) was $595 per week. Under the circumstances, child support should be set by applying the provisions of the Child Support Standards Act (*see,* Domestic Relations Law § 240) to the defendant's gross income. In this case, that results in an award of $307 per week for child support. Furthermore, taking into account the appropriate self-support reserve (*see,* Domestic Re-

lations Law § 240 [1-b] [b] [6]; [d]), under the circumstances herein the plaintiff should be awarded $75 per week in maintenance.

We further note that it appears that the Supreme Court improperly awarded the plaintiff a double shelter allowance by awarding her child support and directing the defendant to pay the carrying charges on the marital residence. The court apparently based this double shelter allowance on the defendant's 1998 gross pay without any deductions. The usual method of remedying an improper double award for shelter is to deduct the amount awarded for carrying charges from the payor spouse's income before determining the appropriate amount for child support. The amount of child support is then recalculated based upon that figure, and that amount is awarded together with a direction to pay the carrying charges (*see, Krantz v Krantz,* 175 AD2d 863). That method, however, is inappropriate here, since by applying that computation this Court would still leave the defendant with a net income that is below the poverty level (*see,* Domestic Relations Law § 240 [1-b] [d]; *cf., Ferdinand v Ferdinand, supra; Krantz v Krantz, supra*). Thus, in this instance, the Supreme Court improvidently exercised its discretion when it directed the defendant to pay specified carrying charges on the marital residence in addition to child support. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.