■ LISA SICURELLI, Respondent, v ROBERT SICURELLI, JR., Appellant. [727 NYS2d 479] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Skelos, J.), entered February 8, 2000, as awarded the plaintiff temporary child support in the sum of $500 per week, and directed him to pay all unreimbursed non-elective medical, psychiatric, and dental expenses of the plaintiff and the parties' children, certain carrying charges on the marital residence, and the amount of a judgment entered against the parties in connection with the repossession of their automobile.

Ordered that the order is modified by (1) deleting the provision thereof awarding the plaintiff temporary child support in the sum of $500 per week and substituting therefor a provision awarding her temporary child support in the sum of $240 per week, and (2) deleting the provision thereof directing the defendant to pay all unreimbursed non-elective medical, psychiatric, and dental expenses of the plaintiff and the parties' children and substituting therefor a provision directing him to pay 53.5% of those expenses of the parties' children only and the plaintiff to pay 46.5% of those expenses of the children and 100% of those expenses for herself; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in awarding the plaintiff both temporary child support in the sum of $500 per week and directing the defendant to pay the mortgage payments, insurance, real estate taxes, and electricity and telephone bills for the marital residence. Shelter costs attributable to the children are inherent in the basic child support obligation (*see, Chasin v Chasin,* 182 AD2d 862; *Ryan v Ryan,* 186 AD2d 245; *James v James,* 169 AD2d 441; *Lenigan v Lenigan,* 159 AD2d 108). By awarding temporary child support in the sum of $500 per week and placing the responsibility for the payment of the majority of the carrying charges for the marital residence on the defendant, the Supreme Court improperly awarded a double shelter allowance (*see, Ryder v Ryder,* 267 AD2d 447; *Young v Young,* 245 AD2d 560; *Frankenbach v Frankenbach,* 244 AD2d 524; *Krantz v Krantz,* 175 AD2d 863). "The usual method of remedying an improper double award for shelter is to deduct the amount awarded for carrying charges from the payor spouse's income before determining the appropriate amount for child support. The amount of child support is then recalculated based upon that figure, and that amount is awarded together with a direction to pay the carrying charges" (*Ryder v Ryder, supra,* at 448; *Krantz v Krantz, supra,* at 863). Accordingly, the award for temporary child support should be reduced to $240 per week.

The Supreme Court erred in directing the defendant to pay all unreimbursed non-elective medical, psychiatric, and dental expenses of the parties' children. Generally, parents are to share the cost of the future reasonable health care expenses of their children according to their respective incomes (*see,* Domestic Relations Law § 240 [1-b] [c] [5]; *Frei v Pearson,* 244 AD2d 454; *Ames v Ames,* 212 AD2d 653; *Slankard v Chahinian,* 204 AD2d 529). Here, since the parties' incomes are simi-

lar, those expenses are allocated so that the defendant pays 53.5% and the plaintiff pays 46.5%. Furthermore, the Supreme Court erred in directing the defendant to pay the plaintiff's unreimbursed non-elective medical, psychiatric, and dental expenses (*see, Samu v Samu,* 243 AD2d 458; *LaBombardi v LaBombardi,* 220 AD2d 642).

The Supreme Court properly directed the defendant to pay the amount of a judgment entered against the parties in connection with the repossession of their automobile, in order to ensure that no further interest would accrue on the judgment. Thus, although the defendant is to pay the amount of the judgment now, the issue of each party's respective responsibility for this debt and other disputed financial matters will be resolved at trial.

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.