■ FREDERICK ASSINI, Respondent, v LINDA ASSINI, Appellant. [783 NYS2d 51]—

In a matrimonial action in which the parties were divorced by judgment dated September 17, 1996, the defendant appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Kings County (Ambrosio, J.), dated August 5, 2003, as, without a hearing, granted that branch of the plaintiff's motion which was, in effect, for temporary custody of the parties' child pending hearing and determination of his motion to modify the custody provisions of the parties' stipulation of settlement dated June 19, 1996, to award him sole custody of the child, (2) an order of the same court dated September 5, 2003, as denied those branches of her motion which were for interim counsel fees and for a change of custody, and granted the plaintiff's cross motion to the extent of allowing her to contact the child by telephone only once per week and (3) an order of the same court dated September 12, 2003, as, in effect, upon reargument, adhered to those portions of the order dated September 5, 2003, as denied that branch of her motion which was for a change of custody and granted the plaintiff's cross motion to the extent of allowing her to contact the child by telephone only once per week.

Ordered that the appeal from so much of the order dated September 5, 2003, as denied that branch of the defendant's motion which was for a change of custody and granted the plaintiff's cross motion to the extent of allowing her to contact the child by telephone only once per week is dismissed, without costs or disbursements, as those portions of the order were superseded by the order dated September 12, 2003; and it is further,

Ordered that the order dated August 5, 2003, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 5, 2003, is reversed insofar as reviewed, without costs or disbursements, and that branch of the defendant's motion which was for interim counsel fees is granted to the extent of awarding her interim counsel fees in the sum of $5,000; and it is further,

Ordered that the order dated September 12, 2003, is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that in adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Where the court possesses adequate relevant information to enable it to make an informed determination with respect to this issue, an evidentiary hearing is not necessary for a temporary custody determination (*see Matter of Smith v Molody-Smith*, 307 AD2d 364 [2003]; *see also Matter of Hom v Zullo*, 6 AD3d 536 [2004]; *Matter of Vangas v Ladas*, 259 AD2d 755 [1999]).

Here, contrary to the defendant's contention, the Supreme Court possessed the requisite information. The Supreme Court was presented with unrefuted and documented evidence of repeated complaints filed by the defendant with law enforcement authorities asserting numerous incidents of domestic violence, including emotional, verbal, and physical abuse of her by her live-in boyfriend. At least one of the reported incidents involved the parties' child and several led to the boyfriend's arrest in the presence of the child.

Specifically, on August 5, 2002, the defendant filed a complaint against her boyfriend and on the following day her boyfriend filed a complaint against her. On December 26, 2002, the defendant made another complaint against her boyfriend. On March 27, 2003, the defendant filed a complaint that the boyfriend had broken her mother's car windows, leading to his arrest. On March 28, 2003, the boyfriend made a complaint against the defendant. Five days later she made a complaint that he harassed her. On June 27, 2003, the defendant filed two more complaints against him, stating in the first that there was a verbal dispute between them and in the second that he assaulted her. These complaints resulted in his arrest.

All of these incidents were outlined and corroborated by the report of the New York City Administration for Children's Ser-

vices dated July 24, 2003, that was prepared for the Family Court and was considered by the Supreme Court. The defendant did not dispute the substance of the report. The Supreme Court also had before it the parties' submissions, which raised serious allegations concerning the defendant's fitness to act as a custodial parent. Nowhere in the defendant's submission did she ever categorically deny that domestic violence occurred in her home while the child was living there.

Thus, the uncontroverted evidence before the Supreme Court was sufficient to enable it, even without a hearing, to reach a sound conclusion that, under the circumstances of this case, it was not in the child's best interests for custody to remain with the defendant (*see Matter of Smith v Molody-Smith, supra; Matter of Porter v Burgey,* 266 AD2d 552 [1999]; *Matter of Vangas v Ladas, supra*). The defendant's opposition, that the boyfriend who was the subject of her complaints was no longer residing with her because she had obtained an order of protection against him, did not overcome the detrimental effect of allowing the child to be subject to such repeated instances of domestic violence.

However, we find that the Supreme Court improvidently exercised its discretion in denying an award of interim counsel fees to the defendant. In view of the disparity in the financial circumstances of the parties, with the defendant having no independent source of income, an award of interim counsel fees was warranted (*see Celauro v Celauro,* 257 AD2d 588 [1999]; *Kesten v Kesten,* 234 AD2d 427 [1996]; *Ljutic v Ljutic,* 216 AD2d 274 [1995]). Contrary to the defendant's contention, however, she was not entitled to counsel fees incurred in defending the plaintiff's prior motion to modify the custody provisions of the stipulation which was ultimately withdrawn (*see Abrusci v Abrusci,* 79 AD2d 980 [1981]).

The defendant's remaining contention is without merit. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.